Duncan McColl et al., Appellants, *v.* The Sun Mutual Insurance Company, Respondent.

The right of a party to an action to have the evidence of witnesses taken upon commission, and the power of the court to award a commission, depends solely upon the statute.

Under the statute (2 R. S., 394, §§ 11, 12, 23), a commission is not authorized unless an issue of fact is joined, and is depending when the application therefor is made, and the right to the trial of the issue appears upon the record.

Accordingly *held,* that an order awarding a commission made after the judgment and appeal, and while the appeal was pending undetermined, was erroneous (Grover, J., dissenting).

(Argued November 12, 1872; decided November 19, 1872.)

Appeal from order of the General Term of the Superior Court of the city of New York, reversing an order of Special Term awarding commissions to take the testimony of certain witnesses residing in Nova Scotia. The order was made after trial and judgment and appeal, and while the appeal was pending undetermined.

*Albert Matthews* for the appellants. The statute under which the commission issued is remedial, and should be liberally construed. (*People* v. *Tibbets,* 4 Cowen, 392; *Donaldson* v. *Wood,* 22 Wend., 397; *Weed* v. *Tucker,* 19 N. Y., 433; *Wegman* v. *Childs,* 41 id., 159.) The order for the commission was in the discretion of the court, and is not appealable. (*Thatcher* v. *Bennett,* N. Y. Sup. Ct., February, 1854, cited in Voorhies' Code of 1870, p. 555, note to section 349; *St. John* v. *West,* 4 How. Pr., 331; *Fitch* v. *Livingston,* 4 Sand., 713; *Leighton* v. *Wood,* 17 Abb. Pr., 177; *Butler* v. *Niles,* 3 Rob. S. C. R., 645; *Bk. of Commonwealth* v. *Temple,* 39 How. Pr., 439; *Seely* v. *Chittenden,* 10 Barb., 303; *Buffalo S. Bk.* v. *Newton,* 23 N. Y., 160 · *White* v. *Munroe,* 33 Barb., 650; *N. Y. Ice Co.* v. *N. W. Ins. Co.,* 23 N. Y., 362; *Baldwin* v. *The Mayor of N. Y.,* 2 Keyes,

387; *Moncrief* v. *Moncrief*, 10 Abb. Pr., 315; *Sayre* v. *Frazer*, 47 Barb., 26; *Wood* v. *The Mayor*, 4 Abb. Pr. [N. S.], 152; see also Voorhis' Annotated Code of 1870, p. 534, note *d; Vandervoort* v. *Columbian Ins. Co.*, 2 Johns. Cas., 137; *Ring* v. *Mott*, 2 Sand. S. C. R., 683; *Rucco* v. *Pearce*, 3 Jurist, 978; *Ranney* v. *Weed*, 1 Barb., 221; *Mitchell* v. *Montgomery*, 4 Sand., 676; *Nicol v. Col. Ins. Co.*, 1 Caines, 345; *Fisher* v. *Dale*, 17 J. R., 343; *Parker* v. *Nixon*, 1 Bald. U. S. C. C. R., 291; *Winthrop* v. *U. S. Ins. Co.*, 2 Wash. U. S. C. C. R., 712.) Our courts often issue commissions without naming witnesses, for the sake of convenience. (*The Infanta*, 1 Abb. Adm'r R., 266; *Heaton* v. *Findley*, 12 Penn. [2 Johns.], 304, 310; *Carbonell* v. *Bessell*, 5 Simmons, 636; *Bersford* v. *Easthrope*, 4 Jurist., 104; *Rougemont* v. *Royal Ex. Ins. Co.*, 7 Vesey, Jr., 304; *Gow* v. *Kinnersley*, 6 Mann & Gr., 981; *Same Case*, 8 Jurist, 364; *Dimond* v. *Vallance*, 7 Dowl. Pr. Cas., 590; S. C., Anon., 3 Jurist, 385.) Plaintiffs being in all respects regular, had a right to the order. (*Demar* v. *Van Zandt*, 2 Johns. Cas., 69; *Murray* v. *Kirkpatrick*, 1 Cowen, 210; *Beall* v. *Day*, 7 Wend., 513; *Deshaye* v. *Persse*, 9 Abb. Pr., 289, *n.; 2 R. S., 393, § 11, act of 1862, chap. 375; *Sparks* v. *Barrett*, 5 Scott's R., 406; *Franklin* v. *United Ins. Co.*, 2 J. Cas., 68, 285; *Shaffer* v. *Wilcox*, 2 Hall, 502; *McMahon v. Allen*, 18 Abb., 298; *Wright* v. *Jessup*, 3 Duer, 642; *Brown* v. *Southworth*, 9 Paige, 353; 2 Dan. Ch. R. [1 Am. ed.], 1099 to 1102; *Forrest* v. *Forrest*, 25 N. Y., 506; *Bowen* v. *The Irish Presb. Corp. of N. Y.*, 6 Duer., 264.)

*Samuel Hand* for the respondent. The order awarding the commission was erroneous. (2 R. S. [Edms. ed.], 409–412, Laws of 1862, chap. 375.) A party should not be allowed to examine upon commission a witness who has been examined orally *de bene esse* by counsel of both parties. (*Raney* v. *Weed*, 1 Barb., 220.) A commission to examine witnesses not named or described is never allowed. (*Shaffer* v. *Wilcox*, 2 Hall., 502; *Wright* v. *Jessup*, 3 Duer, 642.)

Andrews, J.    The order awarding a commission in this case was made at Special Term, upon the application of the plaintiffs, after judgment and after appeal therefrom by the defendant to the General Term, and while the appeal was pending and undetermined.

The right of a party to an action to have the evidence of witnesses taken upon commission, and the power of the court to award a commission, depends solely upon the statute.

The statute authorizes the court to award a commission for the examination of foreign witnesses whenever an issue of fact shall have been joined and it shall appear that the witness to be examined is "material in the prosecution or defence" of the action.    (2 Rev. Stat., 394, § 11.)    In settling the interrogatories to be attached to the commission, each party may insert any question "pertinent to the cause."    (Section 12.)    And the examination and depositions taken may be "used on the trial of the cause."    (Section 23.)

We are of opinion that under this statute where an issue of fact has been joined a commission is not authorized to be issued, unless the issue of fact is depending when the application is made and the right to a trial of the issue appears upon the record.

This is not the condition of a case pending on appeal after trial upon the merits and after judgment.    The issue of fact is then determined and is merged in the judgment.

The reversal of the judgment may require a new trial of the action, but this event is uncertain.

There is no present right to a trial and there may never be such right, and the presumption is in favor of the validity of the judgment.

It cannot be made to appear, upon the application in such case, that the witness, whose examination is sought, "is material in the prosecution or defence of the action."    Its further prosecution, by trial, depends upon the judgment of the appellate court.

If the right to award a commission exists, pending an

appeal from the judgment, then it may be awarded, although the appeal is pending in this court.

Such a power is not within the contemplation of the statute; and the power of the court to award a commission, can only be exercised before trial and judgment. It may be that it would be in furtherance of justice to extend the statute so as to embrace causes like this, but it is to be considered that it would subject the prevailing party in the judgment to the trouble and expense of joining in the commission with a view to a new trial, although judgment had passed in his favor.

The order appealed from should be affirmed with costs.

All concur, except Grover, J., dissenting.

Order affirmed.