## IN THE MATTER OF AN ATTORNEY.

The power of the court to award a commission without the consent of parties to take the testimony of a witness out of the State, depends entirely on statute, and can only be exercised in the cases therein specified.
The provisions of the Code of Civil Procedure in reference to taking depositions out of the State (§§ 887 *et seq.*), relate to actions only.
In proceedings to disbar an attorney he can only be convicted on evidence

good at common law, delivered if he chooses in his presence, by witnesses subject to cross-examination.

Accordingly, *held*, that the granting of an order in such proceedings, against the objection of the attorney, directing that a commission issue, was error; and that the order was not validated by the insertion in it of a provision reserving "until the final hearing of the matter" the question as to the "right to issue the commission, and the legality of the evidence taken thereunder."

(Argued November 30, 1880; decided December 14, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made October 22, 1880, affirming an order of Special Term.

This was a proceeding to disbar an attorney for alleged professional misconduct.

The granting of the order appealed from was opposed by said attorney; it directed "that a commission issue according to the form of proceedings prescribed in article second of chapter nine of the Code of Civil Procedure," to take the testimony of a witness out of the State. The order closed with this provision: "And that all questions as to the right to issue such commission, and the legality of the evidence to be taken thereunder, be reserved till the final hearing of the matter before this court."

*James L. Bishop* for appellant. The power of the court to award a commission depends solely upon statute. (*McColl* v. *Sun Mut. Ins. Co.*, 50 N. Y. 332; *Matter of Whitney*, 4 Hill, 533; *Wood* v. *Howard Ins. Co.*, 18 Wend. 646.) A commission cannot issue in a special proceeding when the statute uses the word "action" only. (*Wood* v. *Howard Ins. Co.*, 18 Wend. 646; *Matter of Whitney*, 4 Hill, 533; *Graham* v. *Colburn*, 14 How. Pr. 52; Laws of 1877, chap. 417). If this proceeding be regarded simply as a motion, no commission can issue. (*Stake* v. *Andre*, 18 How. Pr. 159; S. C., 9 Abb. Pr. 430; *Kodskin* v. *At. & P. R. R. Co.*, 3 Daly, 70; *Huelin* v. *Ridner*, 9 Abb. Pr. 420.) This proceeding is in its nature *quasi* criminal, and hence the policy of the law prohibits the

taking and reception of evidence of this character. (*People* v. *Restell*, 3 Hill, 289 ; 2 R. S. 731, § 73.)

*Samuel Hand* for respondent. The order is not appealable. (*Arthur* v. *Griswold*, 60 N. Y. 143, 146 ; *Chesterman* v. *Eyland*, 74 id. 452, 455 ; *Anonymous*, 59 id. 313, 315.) The court had power to make the order granting the commission. (Code, §§ 7, 8 ; *Anonymous*, 59 N. Y. 314.)

Danforth, J. The power of the court to admit and to remove attorneys is given by statute (*In re Cooper*, 22 N. Y. 67; *In re Percy*, 36 id. 651), and in either case the proceeding is a special one. If instituted for the latter purpose, the person proceeded against " must be allowed an opportunity of being heard in his defense " (New Code, § 67), and can be convicted only upon evidence good at common law, delivered, if he chooses in his presence, by witnesses subject to cross-examination. (*In re Eldridge*, 82 N. Y. 161.) The order appealed from derogates the protection afforded by that right, for it requires the examination of a witness at a distance from the place of trial, upon written interrogatories, and was granted against the opposition of the accused person. It is clearly not within the statute which authorizes " depositions taken without the State, for use within the State " (New Code, chap. 9, title 3, art. 2), for that relates to actions only, in their various stages, and neither by its terms nor any implication can it be extended to any other mode or form of proceeding. This appears from the Code itself ; for as the provision cited limits the commission to an action, so in another place, we find a declaration that " the word action," " when applied to judicial proceedings, signifies an ordinary prosecution, in a court of justice, by a party against another party, for the enforcement or protection of a right, the redress and prevention of a wrong, or the punishment of a public offense." (§ 3333, id.) Such is not the character of this case. It is indeed of a public nature and *quasi* criminal (*In re Kelly*, 59 N. Y. 595), but it involves merely the power and control of the court over its officers, and

however terminating will neither enforce nor vindicate a private right, and by this very circumstance is excepted from the class of ordinary prosecutions set on foot by one party against another.　Nor was the limitation unintentional.　Prior to 1862 the general construction given to similar provisions of the Revised Statutes (2 R. S., part 3, tit. 3, art. 2, chap. 7) had confined their operation to actions and issues joined therein.　It was held that the power of the court to award a commission without the consent of parties depended entirely on the statute; (*Wood* v. *Howard Ins. Co.*, 18 Wend. 646; *In re Whitney*, 4 Hill, 533; *McColl* v. *Sun Mut. Ins. Co.*, 50 N. Y. 332.) and that it only extended to a case where the parties were before the court for the prosecution or defense of their rights in the form prescribed by law.　A commission was refused, therefore, in a statutory proceeding by a receiver before referees, in relation to claims against an insolvent insurance company (*Wood* v. *Howard Ins. Co.*, 18 Wend. 646); in proceedings where trustees had been appointed under the statute against an absconding debtor, and the latter desired to controvert the claims of creditors (*In re Whitney*, 4 Hill, 533); in supplementary proceedings, under section 292 of the old Code, when the judgment-creditor desired the testimony of witnesses out of the State, material and necessary for him; and in all, the denial was for want of power to grant the application.　For the purpose apparently of providing for such and similar cases, the legislature in 1862 (Laws of 1862, chap. 375), amended the then existing statutes in relation to taking the testimony of witnesses out of the State, so that commissions might issue not only in an action, but "in any proceeding pending in any court of record," or "whenever any issue of fact shall have been joined in any such action or proceeding." This statute was, however, repealed in 1877 (Laws of 1877, chap. 417, § 36), and the provisions therein not relating to actions have not been re-enacted.　The question before us must be decided upon the statute as it now stands, and it is, I think, the same in principle as that in the cases above cited.　It may be conceded, as the learned counsel for the respondent claims,

that by the new Code (§ 7), the court has power given it "to devise, and make new process and forms of proceeding necessary .to carry into effect the powers and jurisdiction possessed by it," but the application of this provision to the case in hand is not perceived. Upon what occasion, and in what manner the power so conferred shall be exercised does not now concern us, for the order itself directs that "the commission issue, according to the form of proceedings prescribed" in the article of the new Code to which I have already referred. No new form or process has been devised, but a power exercised which the legislature has not thought proper to bestow. The order also answers the proposition of the learned counsel for the respondent, that "the commissioner thereby appointed is in a similar position as the referee," for by its terms the deposition taken by the commissioner is to be returned to the referee; the trial before him is stayed only until it arrives, and afterward, it with the other evidence is to be considered by him, and when, upon the materials so furnished, his opinion is formed, the whole evidence together with that opinion is to be reported to the court. It is also true that by the order "the question of right to issue the commission, and the legality of the evidence taken thereunder, is reserved until the final hearing of the matter before the court," but. this was without the consent of the appellant, and the order does, in fact, direct the issuing of the commission and the proceedings under it.

We think such reservation does not affect the final character of the order, and as it was made without authority, that it should be reversed, and the motion for commission be denied.

All concur.

Order reversed.