Barker, P. J.
The order under review was granted by another court, and cannot be reversed or modified by this court, except for legal error, as matters which rest purely in the discretion of the court are not appealable. The right of a party to an action to take the deposition of a witness out of the state, under a commission, to be read on the trial, is founded on the statute, and-all its requirements must be observed by the moving party, or the court has no power to grant an order for a commission to issue. McColl v. Insurance Co., 50 N. Y. 332; In re An Attorney, 83 N. Y. 164. An open commission can only issue when it is made to appear by affidavit, to the satisfaction of the court or officer to whom the application is made, that one or more witnesses not within the state “are material and necessary to the prosecution or defense of the action.” Section 894. The affidavit on which this order is founded was made by the attorney for the plaintiff, and his statements are wholly on information and belief, and he omits to declare that he believes that the evidence of the witness is necessary for his client in the prosecution of the action, and makes the single and immaterial statement that the evidence of the witness named therein is material to himself in the prosecution of the action. The statute gives either party the privilege on the execution of an open commission -to produce before the commissioner witnesses, and to examine them upon oral questions. Section 897. This order requires the deposition of the witnesses who may be produced by either party to be taken upon written interrogatories and cross-interrogatories, to be annexed to the commission. The court below had no power to deprive the defendant of the right to examine his own witnesses, or to cross-examine the plaintiff’s witnesses, by propounding oral questions to them on their examination before the commissioner. This provision of the order was wholly unauthorized, and seems to be absurd to require a party to prepare written interrogatories to be asked a witness whose name is not disclosed.
The moving affidavit is wholly upon information and belief, and the material part of it is based upon statements made by the plaintiff to his attorney, and no excuse whatever is made why he does not himself make an affidavit of the facts upon which the right to issue the commission depends, and of which the law supposes he has knowledge. The affidavit does not constitute proof of any fact which the plaintiff was required to establish. Bank v. Albergar, 78 N. Y. 252. Order reversed, with $10 costs and disbursements.
All concur.