## NEWMAN *v.* GODDARD.

SEVENTY-THIRD RULE; AFFIDAVITS.

1. Under the Seventy-third Rule of the Supreme Court of this District providing for the summary rendition of judgment in actions *ex contractu,* under certain circumstances, the affidavit supporting the declaration may be made either by the plaintiff or his agent; and if made by the agent it is not necessary that it should show why the plaintiff did not execute it.
2. Nor is it necessary that in such an affidavit, if made by the plaintiff's agent, it should appear expressly whether the agent's knowledge was personal or was merely based on information and belief.
3. Whether if the allegations of such an affidavit are made on information and belief, the sources of information should be stated, *quære.*
4. In such an affidavit, which supports a declaration by the holder of a promissory note against the maker, a statement that the endorser endorsed the notes to the plaintiff, is sufficient, without stating expressly that the endorser's signature is genuine.

No. 759.   Submitted March 9, 1898.   Decided March 15, 1898.

HEARING on an appeal by the defendant from a judgment under the Seventy-third Rule for want of a sufficient affidavit of defence. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. John Ridout* for the appellant.

*Mr. George E. Hamilton* and *Mr. M. J. Colbert* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from a judgment rendered by the Supreme Court of the District of Columbia, under a rule of that court which has been quite frequently before us for construction and application, the Seventy-third Rule, as it is called, which provides for the summary rendition of judgment upon affidavit in actions *ex contractu*. Although the rule has been repeatedly cited in our reports, it may be proper, in view of the special questions here raised, to quote it again. It is as follows:

" In any action arising *ex contractu*, if the plaintiff or his agent shall have filed, at the time of bringing his action, an affidavit setting out distinctly his cause of action, and the sum he claims to be due, exclusive of all set-offs and just grounds of defence, and shall have served the defendant with copies of his declaration and of said affidavit, he should be entitled to a judgment for the amount so claimed, with interest and costs, unless the defendant shall file, along with his plea, if in bar, an affidavit of defence denying the right of the plaintiff as to the whole or some specified part of his claim, and specifically stating also, in precise and distinct terms, the grounds of his defence, which must be such as would, if true, be sufficient to defeat the plaintiff's claim in whole or in part."

The appellant was sued upon two promissory notes executed by him and long overdue, which aggregated the sum of $5,000, with interest, subject to a credit thereon of $2,907.99. The notes had been made by the appellant to Mrs. Charlotte M. Stellwagen, and had been by Mrs. Stellwagen endorsed to the appellee, the plaintiff below. With the declaration in the case there was filed an affidavit, not

executed by the plaintiff herself, but by her attorney, in which it was stated that the affiant was the plaintiff's agent for the purpose of the affidavit; that the signature to the notes was the genuine signature of the defendant, the appellant here; that Charlotte M. Stellwagen had endorsed the notes to the plaintiff, who was then the holder and owner thereof; and that, on account of them, the defendant was indebted to the plaintiff in the full amount claimed in the declaration, exclusive of all set-offs and just grounds of defence. This affidavit in every way gratified the requirements of the rule, unless it was insufficient in the particulars claimed by the defendant, and hereinafter to be mentioned.

By way of defence, the appellant pleaded the general issue and the statute of limitations; but filed no affidavit in support of his pleas. Whereupon the plaintiff moved for judgment for want of such affidavit, and judgment was accordingly rendered in her favor for the amount of her claim.

Then the defendant came in with a motion to vacate the judgment, and supported the motion with an affidavit of his attorney, the substantial allegation of which was that the judgment had been improvidently entered without hearing of the defendant's counsel, and that the affidavit in support of the plaintiff's declaration was insufficient. When this motion came on for hearing, the court allowed the plaintiff's agent and attorney to amend his original affidavit by setting forth his means of knowing the facts therein stated; which he did by an allegation that all the substantial facts were matters of personal knowledge to him. The defendant's motion to vacate the judgment was thereupon denied; and the defendant prosecuted the present appeal.

The grounds of the appellant's contention, as stated in his brief, are four in number :

1st. That if the plaintiff's affidavit filed with the declaration is insufficient, the defendant is absolved from any obligation to verify his pleas.

2d. That the court below has no power to allow any additional or amended affidavit to be filed by the plaintiff in support of her declaration.

3d. That the original affidavit was wholly insufficient for the reason that it failed to state why the appellee herself did not make the affidavit, and that it failed to state whether the affiant's knowledge was personal or based upon information and belief, and what means he had of acquiring the knowledge; and also, for the reason that the affidavit failed to state that the indorsements on the notes were genuine.

4th. That the amended affidavit forms no part of the case, and that this also is substantially defective, inasmuch as it fails to set forth any reason why the plaintiff herself did not make the affidavit.

In the view which we take of the third ground of objection, it becomes unnecessary for us to consider the other three. We regard the original affidavit filed with the declaration as amply sufficient for the purpose for which it was intended.

There is no justification whatever for the contention that, if an agent, and not the plaintiff himself, makes the affidavit under this rule in support of the declaration, the affidavit must show why the plaintiff did not execute it. The rule itself requires nothing of the kind. On the contrary, it provides expressly that either the plaintiff or an agent may make the affidavit; and it makes no difference whatever in the requirements of the affidavit, whether made by the one or the other. It might well be that an agent would know more about the matter than the plaintiff himself. At all events, the rule makes no such distinction; and there is no good reason why it should.

On behalf of the appellant, some authorities are cited, which go to show that, when an agent, and not a party himself, makes an affidavit required of the latter for some special purpose, the reason must be made to appear why the party himself has not made the affidavit. *Griel* v. *Buckins*,

114 Pa. St. 184; *Rosenbelt* v. *Dale,* 2 Cowen, 581; *People* v. *Spalding,* 2 Paige, 326; *Clark* v. *Sullivan,* 8 N. Y. Supp. 565; *Talbert* v. *Storum,* 21 N. Y. Supp. 719; *Hadden* v. *Larned,* 83 Ga. 636; 1 Eng. & Am. Encyclopedia of Pleading and Practice, 358, 359. But these authorities are wholly inapplicable in the present case. They all apply to cases in which, either in express terms or by necessary implication, a rule or statute provides for an affidavit to be made by a party himself, and not in terms by any agent, and yet where the beneficent purpose of the rule or statute may be subserved by an affidavit executed by an agent under proper conditions. They might, perhaps, well apply in this jurisdiction and to the rule here under consideration, if an affidavit of defense were sought to be made by an agent, and not by the defendant himself. For while the rule specifically provides, in the case of the plaintiff, that either he or his agent may make the affidavit, for obvious reasons it does not allow any such latitude to the defendant; and consequently, if an affidavit of defence is to be permitted to be made by an agent, instead of the defendant, the reason therefor should certainly and clearly be made to appear.

Nor is there any good ground for the appellant's contention that, in an affidavit made by an agent, it should appear expressly whether the agent's knowledge was personal or was merely based upon information and belief. An affidavit, such as is the original affidavit in this case, which positively affirms a fact or state of facts, is always presumed to be made upon personal knowledge of such fact or facts, unless expressly or by necessary implication the contrary appears. Such is the well-established rule both of law and reason; and the rule is not affected by the fact that an affiant or a witness may sometimes be mistaken, and may attribute to personal knowledge what may in truth be the result of information and belief. Plainly the allegations of the affidavit now before us purport to be made on personal knowledge; and it is not necessary in express terms

so to state. Whether, if the allegations had been made on information and belief, the sources of information should be stated, is another question, which may be left to be dealt with when it arises.

It is also urged as a ground of insufficiency of the affidavit, that the affiant fails to state that the signature of Charlotte M. Stellwagen in the endorsement of the notes is her genuine signature. The allegation of the affidavit is, that "the said Charlotte M. Stellwagen endorsed said notes to said Martha W. Goddard, who is now the owner and holder thereof." And this is sufficient. The suit is not against the endorser, but against the maker of the notes; and it is the liability of the latter, not of the former, that is required to be established. The holder of the notes was required to allege and trace her title to them, and for that purpose to state that they had been duly transferred to her by endorsement. But strict proof of such endorsement, by express allegation of the genuineness of the endorser's signature, is not required to be stated in an affidavit intended merely to support a declaration against the maker of the notes.

The justice of the appellee's claim is amply shown by the record; and there is no pretence of a denial of it. The allegations of the affidavit in support of the declaration are in conformity with the rule; and they are reasonably sufficient for the purpose.

We find no error upon which to justify a reversal of the judgment; and that judgment, therefore, must be *affirmed, with costs. And it is so ordered.*