152 So. 244

**Ex parte MESSER.**

**6 Div. 215.**

Supreme Court of Alabama.

March 9, 1933.

Rehearing Denied June 9, 1933.

Further Rehearing Denied Oct. 12, 1933.

Rehearing Denied to Bar Commission Dec. 14, 1933.

Thos. J. Judge, of Birmingham, and Arthur Fite, of Jasper, for appellant.

Jim C. Smith, J. W. Gillon, Jr., W. H. Sadler, Jr., Frank Bainbridge, Henry Upson Sims, J. T. Stokely, and R. B. Evins, all of Birmingham, for appellee.

BROWN, Justice.

By resolution adopted by the board of commissioners of the state bar, Robert G. Messer, a licensed practicing attorney of this state, was "disbarred and excluded from the practice of law," and thereafter said Messer filed his petition for review, under the provisions of section 6 of the Act approved June 6, 1931, entitled "An Act To Amend Sections 2, 6, 10, 11 and 21 of An Act Entitled, 'An Act To Provide For The Organization, Regulation and Government Of The State Bar Including Admissions and Disbarments of Lawyers,' Approved August 9, 1923." Gen. Acts 1931, pp. 284–287; Code 1923, §§ 6220–6239, and § 3318.

The petitioner's first contention is that the board of commissioners was without jurisdiction to adjudge him guilty and disbar him, for the reason that the affidavit verifying the complaint was—as to the original complaint —only to the effect that the informants or relators "have probable cause for believing and as such do believe" that the accused was guilty of the matters and things therein specifically alleged, and as to the amended complaint, "that the averments of fact contained in the above and foregoing amendment are true to the best of their knowledge, information and belief, and upon such knowledge, information and belief, they say *same are true*." (Italics supplied.)

Verification of the complaint is not required by the statute, nor is it required in all cases by rule B, regulating the proceedings, adopted by the commission and approved by this court. (Rules and Regulations, Board of Com'rs, State Bar of 1924, page 17.) Therefore, it is not jurisdictional, and, assuming that the verification was not a compliance with said rule, it is a mere irregularity that might be waived, and was waived in this case by the failure of the accused to make the objection on his trial before the bar commission, before pleading to the merits. It cannot be made here for the first time. Smith v. State, 73 Ala. 11; Laney v. State, 109 Ala. 34, 19 So. 531; Walker v. State, 108 Ala. 56, 19 So. 353. Moreover, on the authority of Worthen v. State ex rel. Verner et al., 189 Ala. 395, 66 So. 686, the verification was sufficient.

By motion made on the trial and before pleading, to quash the depositions of Joseph A. Yager, Thomas J. O'Connor, and Sigmond Sanger, taken to support the charges, the petitioner asserts that the provision of the

act, that "in all cases testimony with reference to such charges shall be taken at the Court House of the County of the residence of the party charged, *provided the evidence of witnesses* residing outside of such county may be taken in *the same manner as provided by law for the taking of depositions in civil cases*," violates section 6 of the Constitution which provides "that in all *criminal prosecutions* the accused has a right * * * to be confronted by the witnesses against him," etc. (Italics supplied.) Acts 1923, § 6, page 103; section 6, Constitution of 1901. In support of this contention, State ex rel. Attorney General v. Buckley, 54 Ala. 599, In re Eldridge, 82 N. Y. 161, 37 Am. Rep. 558, and In re An Attorney, 83 N. Y. 164, are cited.

In Buckley's Case, supra, the court held that the impeachment proceeding provided for in the Constitution was a criminal prosecution, and that "in all criminal prosecutions, impeachments as well as others, the accused has a constitutional right to be 'confronted by the witnesses against him,' and provisions of an impeachment law, requiring the taking of testimony by examiners, not in the presence of the court, violate this constitutional right of the accused."

This is not a criminal prosecution within the influence of section 6 of the Constitution, but is only quasi criminal. State v. Quarles, 158 Ala. 54, 48 So. 499; Thomas v. State ex rel. Stepney, 58 Ala. 365. Therefore, Buckley's Case does not support the contention.

It is well settled that the rules and principles of the law of evidence applicable to civil proceedings are also applicable to *quasi criminal proceedings;* that the defendant may be compelled to testify as a witness for the plaintiff, the testimony may be taken by deposition, and the failure of the defendant to testify may be commented on in argument. Smith v. State, 13 Ala. App. 411, 69 So. 406; Miller v. State, 110 Ala. 69, 20 So. 392; Attorney General v. Pelletier, 240 Mass. 264, 134 N. E. 407.

The holding in the two New York cases cited (In re Eldridge, 82 N. Y. 161, 37 Am. Rep. 558; In re An Attorney, 83 N. Y. 164) was, that there was no provision in the statute authorizing the taking of depositions as in civil cases, and, in the absence of statute, the common-law rule governed.

The rules governing the admissibility of evidence and the test of its relevancy are the same in civil actions and criminal prosecutions, that is, whether the testimony offered conduces to the proof of a pertinent hypothesis, which, if sustained, will influence the issue. Smith v. State, supra; Whitaker v. State, 106 Ala. 30, 17 So. 456; Curtis v. State, 118 Ala. 125, 24 So. 111.

An exception to the general rule which excludes evidence of transactions other than those involved in the charge is, that evidence of similar offenses or derelictions committed by the accused is admissible to show scienter, where proof of criminal or fraudulent intent is essential to sustain the charge. Brown v. State, 15 Ala. App. 180, 72 So. 757; McDonald v. State, 83 Ala. 46, 3 So. 305; Lunsford v. Dietrich, 93 Ala. 565, 9 So. 308, 30 Am. St. Rep. 79; Wigmore on Evidence, § 352; 22 C. J. p. 746, § 836.

Some, if not all, of the counts of the complaint charge the defendant with the fraudulent conversion to his own use, moneys coming into his hands as a licensed practicing attorney, and the testimony to which objection was made on the trial, falls within the above-stated exception, and the objection and motion to exclude were properly overruled.

The only other question argued, and this was not raised on the trial, goes to the defendant's right of trial by jury. The question is decided adversely to appellant's contention in Ex parte Von L. Thompson, post, p. 113, 152 So. 229.

There is no contention in this case that the evidence offered on the trial does not sustain the judgment and conclusion of the bar commission, and finding no error in the proceeding, the judgment of the commission is due to be affirmed. It is so ordered.

Affirmed.

All the Justices concur.

### On Further Rehearing.

#### PER CURIAM.

This case was, by order of the court, restored to the rehearing docket on June 30, 1933, to await the disposition of the case of Ex parte Von L. Thompson (Ala. Sup.) 152 So. 229,[1] and other cases of like character pending on rehearing, and on further consideration the court is of opinion that a sentence of suspension of the appellant from the practice of the profession for one year, beginning on October 12, 1933, and ending on October 12, 1934, is adequate punishment to be imposed in this case.

The judgment of the bar commission is, therefore, modified so as to suspend and restrain the appellant from the practice of law, as above indicated.

Judgment modified; application overruled.

All the Justices concur.

### On Application for Rehearing by State Bar Commission.

#### PER CURIAM.

The judgment in this case is modified in accordance with the opinion of the court in Ex parte Von L. Thompson (Ala. Sup.) 152 So. 229,[1] rendered on consideration of the appli-

---

[1] Post, p. 113.

cation for rehearing by the state bar commission.

All the Justices concur.