166 So. 614

## Ex parte POWELL.

### 6 Div. 819.

Supreme Court of Alabama.

March 12, 1936.

Richard H. Fries, of Birmingham, for appellant.

Frank Bainbridge, of Birmingham, for appellee.

### PER CURIAM.

The petition here is to review the finding of the board of commissioners of the state bar, disbarring petitioner and excluding him from the practice of law, based upon charges involving a violation of rule 27, section A, of Rules and Regulations of said Bar Commission, 1924. Ex parte Thompson, 228 Ala. 113, 152 So. 229; Ex parte Messer, 228 Ala. 16, 152 So. 244; In re Fite, 228 Ala. 4, 152 So. 246.

The evidence is rather voluminous touching charges as to conduct of petitioner with clients, all relating to matters of finance.

The board was unanimous in its verdict of guilt of petitioner, and specified no particular charge. We see no occasion to do so here, and conclude that a discussion of the evidence would serve no useful purpose, and would but place in bold relief details of alleged misconduct which may as well be here omitted.

We think it quite evident that the Henson charge was considered by the board the most serious as well as the best established by the proof, though the Bailey and Clara Belle Strother charges likewise find much support and are unsatisfactorily explained.

Fraudulent intent is of course here involved, and the evidence as to the Miller transaction, though not one of the specifications here, is properly to be considered to show scienter. Ex parte Messer, supra.

The original check, alteration of which is involved in the Henson case, appears to have been misplaced after first reaching the commission, but two photostatic copies, one of which was enlarged, had been taken, and these copies preserved and identified. They are properly to be considered in connection with all the proof on that question, including the expert witness who examined the original.

But we need to pursue the discussion no further. Suffice it to say all the evidence has been carefully read and studied in the light of the earnest argument by counsel for petitioner, with no salient feature overlooked. And upon due consideration of the cause in consultation the conclusion is reached that the judgment of the board was sustained by the proof, and should be here affirmed. It is so ordered.

Affirmed.

All the Justices concur.