37 So.2d 273

In re GAINES.

4 Div. 494.

Supreme Court of Alabama.

Oct. 21, 1948.

E. C. Boswell, of Geneva, and Alto V. Lee, III, of Dothan, for petitioner.

Harold M. Cook, of Birmingham, for Board of Commissioners.

SIMPSON, Justice.

Petitioner, a disbarred attorney at law, seeks a review of the decision of the Board of Commissioners of the State Bar denying his application for reinstatement.

The judgment of disbarment was rested on information charging nineteen incidents of unprofessional conduct, including false swearing, misappropriation of a client's funds, and lending the use of his name to a disbarred attorney. The judgment was affirmed by this court February 15, 1941. Ex parte Gaines, 241 Ala. 702, 1 So.2d 39.

The petition for reinstatement was filed with the Board of Bar Examiners September 26, 1945, and after an investigation and extensive taking of testimony the Board of Commissioners denied the application. After a careful and considerate study of the whole record we have concluded the judgment of the Board should be affirmed and it is so ordered.

It would serve no good purpose to extend the statement of the evidence on which the judgment denying reinstatement was rested but, as we see it, only a brief reference to a few matters in connection with the governing rules of law now to be adverted to will suffice to illustrate the propriety of our conclusion.

■ At the outset it should be remembered that to be restored to the privilege of pursuing his vocation, from which he has been debarred of practice, the petitioning attorney has the burden of strictly establishing, by sufficiently satisfying evidence, that his moral character and general attitude and demeanor toward those high standards and trusts which inhere in the profession have undergone such a regeneration as to render him a safe and satisfactory person to be reestablished as a practitioner at the bar and to enjoy the public confidence and trust once forfeited. The inquiry is addressed peculiarly to the applicant's present quality of mind, character, qualifications and general fitness not only as an officer of the court in upholding the dignity of the profession, but as an attorney to properly represent his clients and fully discharge all trusts imposed in him. In re Stephenson, 243 Ala. 342, 10 So.2d 1, 143 A.L.R. 166; In re Smith, 220 Minn. 197, 19 N.W.2d 324; In re Egan, 52 S.D. 394, 218 N.W. 1; State ex rel. Spillman v. Priest, 123 Neb. 241, 242 N.W. 433; In re Keenan, 314 Mass. 544, 50 N.E. 2d 785; Branch v. State, 120 Fla. 666, 163 So. 48.

■ We confess we have been somewhat moved to sympathy due to the advancing age of the petitioner as well as the recommendations of his friends and members of the local bar, who of necessity must base their opinions only on cursory knowledge gained largely by casual observation and general reputation. Sympathy, however, is not the pole star to guide judicial decision and such recommendations, where apparently motivated principally by sympathy and the belief that the petitioner has been sufficiently punished, do not constitute sufficient basis for reinstatement. In re Clark, 128 App.Div. 348, 112 N.Y.S. 777; In re Cate, 60 Cal. App. 279, 212 P. 694; In re Smith, supra; In re Egan, supra; In re Shepard, 35 Cal. App. 492, 170 P. 442; In re Enright, 69 Vt. 317, 37 A. 1046. While such opinions are helpful in arriving at a correct decision, we do not think them sufficient basis to overturn the decision of the Board in the light of a specific matter now to be mentioned, others not considered.

Mr. Gaines, during his long practice of law, engaged extensively in handling many investments for numerous clients. It was a mishandling of some such trust funds which formed the basis of one of the disbarment charges; and after his disbarment another such misappropriation or mishandling was adjudicated against him in the Circuit Court of Houston County and could well have been a sufficient predicate for inclusion as a charge in the original information. Also, among the numerous, former clients of petitioner was Dr. J. M. Stevens, a trusting friend of long standing, for whom petitioner acted as attorney, broker, and investor alter ego. In him, as his attorney, this friend imposed large trust. Seemingly the doctor entrusted his financial career to the judgment and trust of the petitioner and for aught appearing never concerned himself with obtaining an accounting of his lawyer's stewardship until he was

stricken with cancer. He then called upon petitioner for an accounting of his trust. He never received one. The doctor died in 1935. Since his death his personal representative and members of his family and their attorney have similarly requested an accounting. None has ever been rendered though petitioner admits a statement could be, and could always have been, produced within thirty days.

A suit against petitioner to require an accounting of this trust has long been pending and still he has not opened his books and records for a full and fair disclosure of his trust, as the high ethics of the profession require that he should do. In passing we note one appeal to this court from a decree on demurrer to the bill by the personal representative of Dr. Stevens for this accounting, where this court affirmed the lower court, holding the bill good against the asserted demurrer. Gaines v. Stevens, 248 Ala. 572, 28 So.2d 789.

■ It was, of course, within petitioner's right to lodge such an appeal and to interpose such objections and obstacles to the final accounting of his trusteeship as in his judgment he might lawfully be entitled to. However, in considering the instant question we are not dealing in legal niceties, but the measure of good faith to be accorded by an attorney to his client, which is not to be gauged by technical accuracies and is of a much higher standard than is required in customary business dealings where the parties deal at arm's length. Gould v. State, 99 Fla. 662, 127 So. 309, 69 A.L.R. 699.

■ Of the duty of a lawyer to his client and the trust imposed, we approve the following statement in 7 C.J.S., Attorney and Client, § 133, page 973:

"An attorney is under an absolute duty to give his client a full, detailed, and accurate account of all money and property which has been received and handled by the attorney as such, and must justify all transactions and dealings concerning the same. Mere general statements will not suffice, and hence it is incumbent upon the attorney to keep complete and accurate books and records. * * *"

We cannot help but be impressed with the propriety of the decision of the Board of Commissioners in the light of the circumstances alluded to. We are not impressed that petitioner has made such full, clear, and ingenuous explanation or disclosure of the Stevens trusteeship as would justify this court in overturning the decision of the lower tribunal. His testimony with reference thereto is, to say the least, evasive. He could or would not recall, nor had he, when he testified exerted himself to ascertain, how many loans or investments he made for Dr. Stevens; to whom he loaned the money; how much money he had received from his client for investment purposes; how much he had paid back to Stevens from such investments; how many mortgages were outstanding and unpaid at the time of Stevens' death, for which he was due to account; what had become of the outstanding mortgages securing loans involving his client's money; what assignments of mortgages had been made by him to Stevens or Stevens' estate, covering unpaid and outstanding loans, or whether he had collected any interest on mortgages outstanding at the time of the doctor's death; if he at that time held any mortgages. Then as to his other clients in answer to the query whether he had settled with such clients whose money he handled as trustee, among his statements he said, "I settled with everybody I know and they are settled with—some of them." The intended meaning of the quoted statement is not entirely clear, but the Board of Commissioners could have been justified in viewing it as not entirely to the credit of one desirous of restoration to the practice.

■ A fair consideration of the recorded evidence must lead the impartial mind to the conclusion that as matters now stand as regards the petitioner and his trust business, the Board was warranted in denying his application for reinstatement. It could be that on a final determination of the accounting suit between Stevens' estate and petitioner he would receive an adverse decision and a finding that he owes the Stevens estate certain trust money which he has refused to account for, as is his duty. Such a status, of course, would

augment the argument against his reinstatement and tend to illustrate his present state of mind and his attendant reluctance and refusal to make disclosures regarding the transactions of his former client and himself.

Aside then from the sympathetic appeal on account of petitioner's age and the loyal expressions of his friends, we can find nothing in the record which would authorize us to override the Board's decision.

So considered, we are left to no alternative but to affirm that judgment.

Affirmed.

BROWN, FOSTER, LIVINGSTON, LAWSON, and STAKELY, JJ., concur.