PER CURIAM.
On March 21, 1961 Louis S. Joel submitted to this court his Petition for Leave to Retire or To Resign, in which he stated
“In connection with the within petition, I respectfully show unto the Court that I have been under investigation for alleged professional misconduct and that a preliminary hearing had been set by Grievance Committee ‘A’ for the Fourth Judicial Circuit, *111 Duval County, Florida for Thursday and Friday, March 9th and 10th, 1961, but at the request of The Florida Bar this hearing has been postponed. I understand this investigation is with reference to my activities in the handling of divorce cases in this area.
“However, there has not been found any probable cause of professional misconduct by me by the Grievance Committee; no formal complaint charging professional misconduct against me has been filed; I have not been convicted of any crime nor has any indictment or information been filed against me, nor have I pleaded guilty of such an indictment or information, nor has any referee recommended disbarment, suspension or some form of disciplinary action against me. I am unable physically, emotionally or financially to appear before the said Grievance Committee and -contest any such hearing or hearings and I do not intend to do so. (Emphasis supplied.)
“In view of the foregoing, I respectfully petition the Court for leave either to retire or to resign as a member of The Florida Bar as above set forth and that the said resignation or retirement be made effective as of such time as tire Court deems proper. I am voluntarily submitting this petition without leave of reinstatement except in accordance with Article II of the Integration Rules of Florida.
“I further respectfully request that if the within petition is granted, that all future hearings or disciplinary proceedings against me by (sic) cancelled subject to any future decisions or instructions by the Court.”
In suggesting that the court might allow him to retire, Joel mentioned his length of service and his physical disabilities and stated in reference to insurance he carried as a member of the Bar, “If * * * I am permitted to retire, I may have some rights preserved under these policies.” He cited Article II, paragraph 4, 31 F.S.A. The sections of Article II of the Integration Rule of The Florida Bar appropriate to this proceeding are paragraphs 3 and 4 as follows:—
“3. A member of The Florida Bar in good standing may, upon petition to and with the approval of the Board of Governors, resign from The Florida Bar and, thereupon, unless again admitted, shall not practice law in this state. A member who has resigned may be admitted again upon full compliance with the rules and regulations governing admissions to the Bar.
“4. Any member of The Florida Bar who shall have attained the age of 65 years, or who shall have practiced law in the State of Florida for 35 years, or who shall be physically disabled to the extent that he cannot engage in the practice of law, may retire from The Florida Bar upon petition to and approval by the Board of Governors. A retired member of The Florida Bar shall not be privileged to practice law or be required to pay dues. A retired member may be reinstated to active membership upon application to and approval by the Board of Governors.”
The petition was referred to the Board of Governors of The Florida Bar with directions “that it conduct a suitable investigation of the matter and file in this court, as early as practicable consistent with a competent investigation, its recommendations as to whether said request should be granted.” The Florida Bar filed its report on May 9, 1961 stating
“The Florida Bar, by and through the Fourth Judicial Circuit Grievance Committee ‘A’, has caused to be investigated the allegations of unprofessional conduct against petitioner. The Board of Governors of The Florida Bar has given careful consideration to the facts and circumstances surrounding the allegations against petitioner. It has also carefully considered the re *112 quest of petitioner for leave to 'retire or to resign’, and has arrived at the conclusion that when serious charges of unprofessional conduct are pending against an attorney, the Board of Governors may properly give leave to such accused attorney, at his instance and request, to file petition to this Court therein praying that the privilege of practicing law be withdrawn from him and his name stricken from the roll of members of The Florida Bar without leave for reinstatement; provided, of course, that the public interest does not render necessary or advisable a further investigation and public prosecution of the pending allegations, and provided further, that the nature of the charges are such that no restitution on the part of the petitioner is called for.
“After careful consideration of this matter the Board of Governors of The Florida Bar has reached the conclusion that the public interest does not render necessary or advisable further investigation and prosecution of the pending charges against petitioner, and recommends to this Court that petitioner be permitted to resign without leave for reinstatement.”
This court considered the foregoing report and the record and thereupon entered its order on June 28, 1961 granting the application of petitioner “to resign without the right to seek reinstatement” and directed that his name be stricken from the record.
On July 19, 1963 petitioner filed with this court his Petition for Vacation or Amendment of Order of June 28, 1961. He states, “Petitioner’s mental turmoil attendant on his acute physical ailment made it impossible for him accurately to understand the import of his Petition and its consequences, and he should be permitted to be relieved of its onerous burden, since its effect is even more far reaching than disbarment or suspension, as under either of the latter he would be entitled to apply for reinstatement.”
After hearing oral argument and having carefully reviewed the entire record that led to Mr. Joel’s resignation, including the Report of Investigation from The Grievance Committee of The Florida Bar and the various letters of recommendation submitted by the petitioner, we can find no justification for vacating our former order. On the contrary, our judicial responsibility to maintain consistency and stability in the law leads to the conclusion that our original judgment should stand and this is especially so since petitioner, on his own volition, requested this court to allow him leave to retire or to resign in order to stop the investigation of the serious charges of unprofessional conduct then pending against him. His request was granted, the investigation stopped, time has elapsed, the evidence against him has cooled, and it is too late to determine the gravity o.f his offense or whether he really committed it. To avoid the danger of allowing an attorney to retire or resign in order to stop an investigation and then, when the witnesses are gone and the indignation of the Bar has dissipated, permit him to apply for readmission, this court agreed to allow a resignation without leave for reinstatement. See Application of Harper, 84 So.2d 700 (Fla.1956); Application of Peel, 111 So.2d 452 (Fla.1959). Reinstatement proceedings are governed by Rule 11.09 and 11.10 which provide for reinstatement of an attorney “who has been disbarred other than by permanent disbarment * * See State ex rel. Florida Bar v. Evans, 109 So.2d 881 (Fla.1959).
A quote from In re Gaines, 251 Ala. 329, 37 So.2d 273 (Ala.1948) is appropriate in this case:
“We confess we have been somewhat moved to sympathy due to the ad>-vancing age of the petitioner as well as the recommendations of his friends and members of the local bar, who of necessity must base their opinions only *113 on cursory knowledge gained largely by casual observation and general reputation. Sympathy, however, is not the pole star to guide judicial decision and such recommendations, where apparently motivated principally by sympathy and the belief that the petitioner has been sufficiently punished, do not constitute sufficient basis for reinstatement.”
Accordingly, the Petition for Vacation or Amendment should be and it is hereby
Dismissed.
DREW, C. J., THOMAS, ROBERTS, O’CONNELL and CALDWELL, JJ., and HEWITT, Circuit Judge, concur.
HOBSON (Ret.), J., dissents.
DREW, C. J., did not hear argument but participated in opinion and judgment.