DEKLE, Justice
(dissenting) :
I believe, with my brothers, that no man is “beyond redemption” if their reference be to the biblical teaching of redemption of the soul or redemption from sin into Everlasting Life.[1] But that redemption is solely God’s.[2] I deem it fully within the mortal limitations of judicial determination entrusted to us, to conclude that an attorney’s past actions, misdeeds and betrayals of trust and of his profession can in appropriate circumstances warrant his complete banishment from the law’s “Garden of Eden” without absolution.
There should in appropriate circumstances be a recognized “permanency” in the disbarment from his profession of an unfitted and unsuited member of The Bar who has been appropriately so adjudged on good and sufficient evidence. We have previously so held.[3] It would still be subject to his new admission by application to the Bar Examiners.[4] This would meet any constitutional complaint to the procedure. If a surgeon who has lost many patients on the operating table without good cause and because of his negligence and failure to meet the standards of his *366 profession were to have his license to practice medicine permanently revoked, surely he would not be brought back into the profession simply upon a petition for reinstatement on the basis that he had “rehabilitated himself” by his employment as a teacher (petitioner’s position). Neither would a defrocked minister be waved back into his pulpit upon his representation that after prayerful consideration he had relented from those things which caused the revocation of his license to preach the gospel. (It would almost be like the church that took back the minister who had absconded with $300.00 from the building fund on the condition that he first “preach out every dime of it”!) Responsibility is still the cornerstone of the position of trust occupied by persons in these professions and in the law, the indulged breach of which will topple its foundation.
We too easily forget circumstances which gave rise to such a defalcation. Look again briefly at only a part of the summary by the referee of the extensive and gross misuse of funds and questionable testimony by this petitioner:
“ ‘A cursory examination of the facts in this case clearly reveals that this man was simply using any money he could get his hands on for personal and private use and yet, at the time of the hearing before the referee, this man was as devious and evasive as any witness the Referee has ever experienced. It is the undersigned’s reluctant, carefully considered opinion that despite the prior suspension by the Supreme Court of Florida that before the Referee the Respondent did not reflect a sincere desire to become an ethical practitioner but, to the contrary, completely ignored the sanctity of the oath of a witness and the dignity of The Florida Bar.’
“Respondent was previously suspended for six (6) months by Order of this Court dated February 19, 1964.”
The Florida Bar v. Rassner, 172 So.2d 818, 819 (Fla.1965).
The Bar should not be forever burdened with reevaluating a clear case of disbarment and determining whether or not in another field the attorney has appeared to have redeemed himself sufficiently to come back into the law. In the present instance where the petitioner has done well in another field, which is most commendable, I think he deserves to remain there to serve in that arena and not to be brought back into the tempting surroundings in which he first found trouble and may well do so again. This is particularly true at a time when very deserving law student applicants are being rejected at the rate of 20 to 1 by the law schools of this nation because of the ever increasing high standards, due in part to an overcrowded legal profession in certain areas and limited training facilities. It does not balance the scales of justice in my judgment to grant the consideration herein extended to petitioner for a place in the sun on a crowded beach, that might otherwise be occupied by a deserving applicant striving to get where the petitioner proved inadequate. We do not strengthen our profession in this way.
Neither do I agree that there could not "be a reasonable classification, just as in other areas of the law, of those attorneys disbarred in extreme circumstances. This is fully within the control of The Bar and of the courts who know best regarding such matters and can certainly make a reasonable classification well supported- by facts that meet any constitutional challenge.
The Integration Rule and our lawyers’ Code of Professional Ethics are not only to set a guide for lawyers’ conduct; they are for the protection of the public and this Court. We should not lightly remove that protection or unreasonably expose the public or our courts to a risk of similar conduct and losses in the future.
In a given case, if suspension is-what is intended for a period of time before it is lifted, then that is the punishment which should be accorded in the first place. We should not totally discard the permanent disbarment provided by the present rule in *367 appropriate cases.[5] The ordinary disbarment where there can be reinstatement without the provision of “permanent” is still available and can be applied if it is not to be permanent.[6]
The high standards of The Bar should not be diminished. I would not retreat one step from those virtues and firm standards maintained by the stalwarts of our profession over the years in our march toward justice. To do so is to violate the trust which they have passed on to us.
I dissent.

. Colossians 1:14; Ephesians 1:7; Romans 2:7.

. Psalms 49:7 — “None of them can by any means redeem his brother, nor give to God a ransom for him

. The Florida Bar v. Carlson, 183 So.2d 541 (Fla.1966).
The principle is also recognized in The Florida Bar v. Penny, 164 So.2d 5 (Fla.1964).
Permanency has likewise been recognized upon “resignation without leave for reinstatement” in In re Joel, 160 So.2d 110 (Fla.1964); The Florida Bar v. Ashmann, 167 So.2d 864 (Fla.1964); In re Grant, 139 So.2d 405 (Fla.1962); and In re Talbott, 172 So.2d 579 (Fla.1965).

. Effective 12-1-72 under New Integration Rule 11:10(4), a “disbarred” attorney must be “recycled” and meet requirements of new admissions to the Bar, including the Bar Examination. In Matter of The Florida Bar, 262 So.2d 857 (Fla.1972).

. Integration Rule 11.11.

. See Henry S. Drinker, Legal Ethics, p. 49; University of Florida Law Review, Vol. 7, p. 403 (1954).