181 So. 306

**LEWIS v. GERALD et al.**

**6 Div. 331.**

Supreme Court of Alabama.

May 12, 1938.

W. L. Lee, of Dothan, Sollie & Sollie, of Ozark, and Powell & Powell, of Tuskegee, for appellant.

Lawrence F. Gerald, of Clanton, George R. Stuart, of Birmingham, and Rushton, Crenshaw & Rushton, of Montgomery, for appellees.

KNIGHT, Justice.

The appellant filed his original petition in the Circuit Court of Jefferson County, Alabama, addressed to one of the Judges of said Court, praying for a writ of mandamus to require the respondents, Lawrence Gerald, as a member of the Board of Commissioners of the State Bar, and Chairman of the Grievance Committee of said Board, Douglas Arant, as a member of the Board of Commissioners, and as a member of the Grievance Committee, Harold M. Cook, as Secretary of the Board of Commissioners of the State Bar, and George R. Stewart, as Attorney for said Grievance Committee, to permit the petitioner, appellant here, to read and inspect certain papers and documents referred to in the petition, and also to permit petitioner to inspect and examine "all letters, writings, notes, memoranda, reports of investigators, affidavits and evidence of all kind and character relating to the undersigned (petitioner) in the investigation and charge of unprofessional conduct of the undersigned, and any information, complaint or charge on which the same is based."

It appears from the petition that the petitioner was, and still is, an attorney duly licensed and authorized to practice law in this state, and was, and still is, a member of the Alabama State Bar; that an investigation of his conduct as an attorney had been made by the Grievance Committee of the Board of Commissioners of the State Bar, and that this committee had preferred charges of professional misconduct against him, and that these charges stood for trial by Commissioners of the State Bar within 20 or 30 days.

It further appears that the Grievance Committee had taken evidence touching petitioner's conduct, and had in its possession letters, affidavits, reports of its agents, and other documents bearing upon petitioner's case, which, the petitioner averred, it was necessary that he should be allowed to examine and inspect in order to properly prepare his defense to the charges. It also appears that petitioner had, prior to the filing of his petition, made written demand upon the respondents to be allowed to inspect the evidence made the basis of the charges, including all letters, memoranda, complaints, affidavits, and reports then in the hands of

the respondents. That request had been denied. The judge, to whom the petition was presented, directed rule nisi to issue to the respondents. This was done.

The respondents appeared and filed numerous grounds of demurrer to the petition. Some of the grounds take the point that the Grievance Committee and the State Bar were, in the matter of the investigation and trial of attorneys for professional misconduct, an arm of the court, and were, therefore, subject to control by this Court only, and that the circuit court was without power, therefore, to entertain the petition, or to grant the writ. Other grounds of demurrer take the point that the facts averred do not show any right in petitioner to the relief sought.

■ This Court has held, on an application made by this petitioner, that the circuit court did have the power and authority to issue writs of mandamus in proper cases, and on proper showing, to the Commissioners of the State Bar, and to the members thereof, as well as to the members of the Grievance Committee, and that this Court would not entertain an original petition filed in this Court, seeking the issuance of such a writ. Ex parte Lewis, post, p. 82, 181 So. 306.

■ The real, and only, question here presented for determination is, does the petitioner make out a case entitling him to the relief he seeks?

It is earnestly insisted by appellant that the Grievance Committee, in making the investigation, as outlined in the petition, was functioning as a court; was acting under the statute and the rules of the court; and, this being true, its records were court records. That petitioner being interested therein is entitled to inspect the same. That such records cannot be secret. We are not in accord with this view. It is quite true that this Committee, when functioning, is acting under authority of the statute, and the rules of this Court, but this does not mean that when the Committee deems it proper to make an investigation of the conduct of an attorney that its acts and doing must be made public.

The Grievance Committee of the Alabama State Bar Association, or the Grievance Committee of a Circuit, County, or City Association, established or approved by the Alabama State Bar Association, or its Board of Commissioners, has the power and authority to investigate any alleged professional misconduct of a member of the State Bar, whether or not charge or complaint therefor be made or referred to it, and to report its findings or recommendations to the Board of Commissioners, or to prefer complaint or charge thereon against the accused attorney at law before the Board of Commissioners for trial thereof, and to prosecute to decision the complaint or charge, and the Grievance Committee is empowered to take testimony under oath in any such investigation. General Acts of Alabama, 1931, p. 683.

■ There are many and cogent reasons why the investigation by the Grievance Committee should not be made public, until such investigation shall have satisfied the committee that the member of the Bar, whose conduct has been under investigation, has in its judgment been guilty of professional misconduct: It would seem that such a course would be not only in the interest of the individual member of the Bar, whose conduct was under investigation, but also of the Bar generally. If the investigation should disclose to the Committee that the charge was without foundation, or did not justify a trial, then the matter would there be dropped, and the attorney saved the embarrassment of needless publicity.

The investigation by the Grievance Committee is somewhat in the nature of, and is quite analogous to, investigations by a grand jury. Until the investigation has resulted in a report calling for the trial of an attorney on charges preferred, there is no adversary party. The investigation is but a preliminary inquisition.

In the case of People ex rel. Karlin v. Culkin, 248 N.Y. 465, 162 N.E. 487, 60 A.L. R. 851, it was said, in an opinion by Judge Cardozo (page 492): "A preliminary inquisition, without adversary parties, neither ending in any decree nor establishing any right, is not a sitting of a court within the fair intendment of section 4 of the Judiciary Law, whereby sittings of a court are required to be public. It is a quasi administrative remedy whereby the court is given information that may move it to other acts thereafter. Cf. In re Richardson, 247 N. Y. 401, at pages 413, 418, 160 N.E. 655. The closest analogue is an inquisition by the grand jury for the discovery of crime. There secrecy of counsel is enjoined upon the jurors by an oath of ancient lineage. Sir Frederick Pollock, Essays in the Law, p. 212. It would be strange if disclosure were a duty upon an inquisition by the court. There is a practice of distant origin by

which disciplinary proceedings, unless issuing in a judgment adverse to the attorney, are recorded as anonymous. See, e. g., In re Attorney, 83 N.Y. 164; In re H——, 87 N.Y. 521. The need of secrecy is the greater when the proceeding is in the stage of preliminary investigation."

In the case of In re Disbarment Proceedings, 321 Pa 81, 184 A. 59, it was held (page 68): "It was not error for the court to refuse to submit the testimony taken before the committee to respondents. They were no more entitled to the testimony taken than defendants to that taken before a grand jury. When summoned by rules to answer, they were made aware of the charges against them."

To like effect is the holding of the Supreme Court of Idaho, in the case of In re Edwards, 44 Idaho 163, 255 P. 906.

In 7 Corpus Juris Secundum, Attorney and Client, p. 770, § 27, the author of the text states the rule as follows: "The attorney is not entitled to a transcript of the testimony given before a committee investigating his conduct nor to cross-examine the witnesses appearing before such committee."

We are of the opinion, and so hold, that the appellee was not entitled to the mandamus applied for, and that the circuit court properly denied the same.

We may add, however, that if it had been made to appear that the Grievance Committee had refused, on demand, to return to petitioner any document belonging to him, and which he had turned over to the Committee for their inspection, we would hold that such document should be restored to the possession of petitioner. Such is not the purpose, however, of the present proceedings.

■ We may say further that an attorney, whose conduct is under investigation by the Grievance Committee is not compelled to appear before such committee, but when he does so his appearance must be deemed and treated as voluntary.

It follows that the judgment of the circuit court, in sustaining the demurrers to the petition for mandamus, and in dismissing the petition, on the refusal of petitioner to plead further, must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.