178 So.2d 156

**Ex parte J. Robert HUIE, Attorney at Law.**

**6 Div. 195.**

Supreme Court of Alabama.

Aug. 12, 1965.

Rehearing Denied Sept. 9, 1965.

Matt H. Murphy, Jr., Birmingham, for appellant.

Lawrence K. Andrews, General Counsel for Alabama State Bar.

COLEMAN, Justice.

Petitioner seeks review of an order of the circuit court holding petitioner in contempt because petitioner failed and refused to take the stand as a witness in a disbarment proceeding brought against petitioner by the "Grievance Committee of the Alabama State Bar Association."

The court ordered that petitioner be confined in jail until such time as he is "willing to conform to the order of the Court and take the stand as a witness." The court suspended the confinement and released petitioner on his own recognizance pending review.

We granted certiorari and the clerk has certified the record to us. It discloses that the Grievance Committee filed with the Board of Commissioners of the Alabama State Bar charges that petitioner has violated Rules 25 and 36 of Section A of the "Rules Governing the Conduct of All Persons admitted to the Practice of Law in the State of Alabama," which rules recite as follows:

25

No person heretofore or hereafter admitted to practice law in Alabama shall

"(a) Knowingly or willfully make any false representations of fact to any

judge, court, or jury to induce a favorable action or ruling by either;

"(b) file or prosecute or aid in the filing or prosecution of any suit, cross bill, or proceeding seeking a divorce in a court in Alabama as attorney or solicitor for a complainant or cross complainant therein or serve as referring or forwarding attorney for such complainant or cross complainant with knowledge or reasonable cause to believe that neither party to such suit, cross bill, or proceeding is at the time of the filing of the bill of complaint or cross bill of complaint therein, a bona fide resident of the State of Alabama;

"(c) while acting as attorney for either party in any suit for divorce in any court in Alabama represent to the court or conspire with any party, attorney, or person to represent to the court that either party to such suit is a bona fide resident of Alabama, knowing such representation to be false." (272 Ala. XXI)

### 36

"No person licensed to practice law in the courts of the State of Alabama shall be guilty of any conduct unbecoming an attorney at law." (239 Ala. XXV)

See: 242 Ala. XV.

The specifications are that petitioner violated said rules in certain divorce cases by making representations as to the residence of a party or parties to the suit.

The President of the Board of Commissioners appointed an examining commissioner to take testimony and ordered him to take the testimony of petitioner at a specified time and place. Notice of the hearing and subpoena duces tecum were served on petitioner. At the appointed time, petitioner refused to take the stand. The examining commissioner obtained attachment for petitioner from the circuit court, and, after hearing, the court made the order holding petitioner in contempt, which order we now review.

Petitioner filed before the Board of Commissioners motions to quash the notice and subpoena duces tecum.

Petitioner argues that the court erred in holding him in contempt for five reasons which we discuss, not, however, in the order in which they are presented in brief.

First, petitioner argues that " . . . . by virtue of Title 46, Section 35, that only the board, and any committee appointed by it shall have power to summons and examine witnesses . . . .," that petitioner is a defendant, not a witness, and that neither the Grievance Committee nor a commissioner has power to compel attendance and have petitioner's testimony taken by a commissioner; citing Lewis v. Gerald, 236 Ala. 91, 181 So. 306.

§ 33, Title 46, Code 1940, provides that the board of commissioners shall establish rules governing procedure in cases of alleged misconduct of attorneys. The board has done this. Rule 12, of Section B, recites:

"12. *President's Order Fixing Date, and by Whom Testimony Taken*

"The evidence may be taken either (a) by the Grievance Committee of the Board, or (b) by a Commissioner designated by the President, or (c) by the Board, and the President shall determine whether the evidence shall be taken by the Grievance Committee of the Board or by a Commissioner or by the Board. The President shall thereupon make and cause to be filed with the Secretary an order fixing a date for taking the evidence upon the said complaint." (239 Ala. XXVII)

A copy of the President's order appointing the examining commissioner appears in the record and fixes the date for taking testimony of petitioner.

§ 35, Title 46, recites that "the board, and any committee appointed by it for this

purpose shall have power to summon and examine witnesses under oath and compel their attendance and the production of books . . . .," etc., and that "Such summons or subpoena shall be issued under the hand of the secretary of the board or the chairman of any duly constituted sub-committee of the board, and shall have the force of a subpoena issued by a court of competent jurisdiction . . . . ."

Rule 19, of Section B, recites:

"19. *Summoning Witnesses: Production of Papers*

"Witnesses may be summoned by the Board, its President, its Secretary, any Grievance Committee, any Chairman of a Grievance Committee, or by the Commissioner, their appearance and testimony required, the oath adminis-tered, depositions taken, and the pro-duction of books, papers and other documents required in all respects as provided by law." (239 Ala. XXVIII)

Two papers were served on petitioner. One paper is entitled: "NOTICE TO TAKE DEPOSITIONS" and is signed by counsel for the Alabama State Bar. It has not been pointed out to us where rule or statute provides that counsel may issue a subpoena, and, indeed, the notice does not expressly command petitioner to attend the hearing. It may well be that petitioner could not be held in contempt if this no-tice were the only process served on him.

The subpoena duces tecum is under the hand of:

"S/ John B. Scott

Secretary, Alabama State Bar"

We think common knowledge justifies us in taking notice that this is the hand of the secretary of the board of commis-sioners. § 24, Title 46, Code 1940. To comply with the letter of § 35, Title 46, the description should be: Secretary of the Board of Commissioners of the Alabama State Bar.

This paper commands the sheriff to sum-mon petitioner to appear before the com-missioner and there to testify.

It seems to us that the examining commissioner was appointed and the day set as required by Rule 12 of Section B, and that subpoena was issued as provided by § 35, Title 46, and Rule 19. We hold that the commissioner had authority to take testimony and that the process served on petitioner was sufficient to satisfy the stat-ute and rule.

Authority of the examining commission-er and proper service of sufficient process being shown, it follows that the court did not err in holding petitioner in contempt for the reason that the examining commis-sioner did not have lawful power to compel petitioner's attendance and to take his tes-timony.

Petitioner relies on the following state-ment:

"We may say further that an attor-ney, whose conduct is under investiga-tion by the Grievance Committee is not compelled to appear before such com-mittee, but when he does so his appear-ance must be deemed and treated as voluntary." Lewis v. Gerald, supra, 236 Ala. at page 94, 181 So. at page 309.

In Lewis v. Gerald, supra, the court held that an attorney, who had been investigated by the Grievance Committee, was not en-titled to read and inspect the evidence which that committee had acquired relating to charges of unprofessional conduct on the part of the attorney. Whatever may be the force of the statement from Lewis v. Ger-ald quoted above, the statement does not apply to the instant case because the instant petitioner has not been summoned to appear before the Grievance Committee. He was summoned to appear before an examining commissioner who was appointed by the president of, and who is taking testimony for, the Board of Commissioners.

Petitioner's first reason to show error is not well taken.

Second, petitioner argues that neither the examining commissioner nor the Board of Commissioners of the State Bar are qualified to act against petitioner because they have not been sworn as all officers are required, by Section 279 of the Constitution of 1901, to be sworn.

■ Section 279 applies only to state officers. State ex rel. Wilkinson v. Lane, 181 Ala. 646, 62 So. 31. We do not think that either the examining commissioner or the Board of Commissioners are state officers in the constitutional sense, and, therefore, are of opinion that Section 279 has no application. These commissioners are officers of the State Bar, which is an association of attorneys. The members of the association are not state officers.

"The attorney does not hold an office or public trust in the constitutional or statutory sense of that term, but is an officer of the court exercising a privilege or franchise. In a sense he is an officer of the state with an obligation to the public no less significant than his obligation to his clients. It is an office held during good behavior, and is one of which he can be divested only upon good cause shown and after proper judicial proceedings. See Ex parte Garland, 4 Wall. (U.S.) 333, 18 L.Ed. 366; Bar Ass'n of Boston v. Casey, 211 Mass. 187, 97 N.E. 751, 39 L.R.A.(N.S.) 116; Ex parte Faulkner, 1 W.Va. 269; 6 C.J. 568, and authorities cited." In Re W. Marvin Clifton, 115 Fla. 168, 173, 155 So. 324, 326.

We think it follows that the examining commissioner and the Board of Commissioners are not state officers, in the constitutional sense, and that § 279 does not apply to them.

Petitioner asserts that, because he had filed with the Board of Commissioners a motion to quash the service of the notice and subpoena duces tecum, the matter was in the hands of the Commissioners and "a quorum of the Commissioners was necessary before there could be a proper ruling as set out in Title 46, Section 33 of the Code of Alabama of 1940."

■ As already noted, § 33, Title 46, provides that the Board of Commissioners shall establish rules of procedure in cases involving professional misconduct and the Board has established such rules. We do not find in § 33 any requirement that a quorum of the Board must act on a motion to quash before a commissioner appointed according to the rules can take testimony, and, therefore, we are of opinion that action by the Board on the motion was not a condition precedent to the action taken by the circuit court in the order now under review.

We hold petitioner's second reason not well taken.

Third, petitioner asserts that under § 126, Subdivision 4, of Title 13, the circuit court does not have jurisdiction to impose "a direct and continuing contempt of court against an accused attorney who merely declines to appear before the Grievance Committee of the Alabama State Bar prior to trial. Ex parte Bullen, 236 Ala. 56, 181 So. 498."

Petitioner misconceives the nature of the proceeding, in which he has been summoned to testify, in supposing that he is being summoned before the Grievance Committee prior to trial. He is on trial and is summoned as a witness before the examining commissioner appointed by the President of the Board of Commissioners.

§ 126(4) provides that the circuit court has authority to punish contempts by fines, not exceeding fifty dollars, and by imprisonment not exceeding five days. In Bullen, petitioner had been sentenced to serve one hour in jail for contempt for refusing to answer a question. This court said he was guilty of a direct contempt and subject to punishment by fine or imprisonment, or both.

From the citations, we understand petitioner's argument to be that, in the case at bar, if petitioner actually be in contempt, the court could have punished petitioner by

a fine, not exceeding fifty dollars, or imprisonment, not exceeding five days, or both, but that the court could not order petitioner to be confined until he is willing to take the stand as a witness.

We think petitioner is in error because of § 35, Title 46, and § 455, Title 7. § 35, Title 46, provides in part:

" . . . . Such summons or subpoena . . . . shall have the force of a subpoena issued by a court of competent jurisdiction, and any witness or other person . . . . who shall refuse to be sworn or testify . . . shall be liable to attachment upon application . . . . to any judge of any court of record for the district where the investigation is conducted as in cases of contempt."

§ 455 of Title 7 recites:

"Any witness refusing to testify, unless privileged by law from testifying in the cause, must be committed to the jail of the county, there to remain without bail until he consents to testify."

See Ex parte Morris, 252 Ala. 551, 42 So.2d 17.

In as much as the subpoena duces tecum here has the force of a subpoena issued by a court of "competent jurisdiction," and refusal of a duly subpoenaed witness to testify subjects him to confinement unless he is privileged from testifying, and petitioner was duly subpoenaed and has refused to testify, he is subject to confinement, unless privileged by law from testifying in the cause.

Petitioner's third reason does not show error.

Petitioner's fourth and fifth reasons go to the question of privilege. Petitioner argues that he cannot be required to testify because § 43, Title 46, commands him to preserve the secrets of his clients, and because " . . . . The accused attorney beyond per adventure of a doubt is being called upon in this sort of case to take the stand and give testimony, which would involve a mental operation of his own client and that as a matter of state law, he is actually faced with a disbarible (sic) offense if he should reveal any of the secrets of his clients . . . . "

Petitioner has not taken the stand and no question has been propounded to him. To say now whether he will be privileged to refuse to answer any question would be sheer speculation. The possibility that a question might call for privileged evidence does not justify petitioner in refusing to take the stand.

In reply brief, petitioner appears also to contend that he is being called to give evidence against himself in violation of Section 6 of Constitution of 1901.

In a criminal case, the prosecution cannot call defendant as a witness against his will. If the proceeding against petitioner were a criminal case, the prosecution could not call petitioner as a witness, against his will, because he is the defendant. We do not think, however, that the proceeding in which he is called to testify is a criminal case. This court, in a disbarment proceeding, has said:

"This is not a criminal prosecution within the influence of section 6 of the Constitution, but is only quasi criminal. State v. Quarles, 158 Ala. 54, 48 So. 499; Thomas v. State ex rel. Stepney, 58 Ala. 365. Therefore, Buckley's Case (State ex rel. Attorney General v. Buckley, 54 Ala. 599) does not support the contention.

"It is well settled that the rules and principles of the law of evidence applicable to civil proceedings are also applicable to *quasi criminal proceedings;* that the defendant may be compelled to testify as a witness for the plaintiff, the testimony may be taken by deposition, and the failure of the defendant to testify may be commented on in argument. Smith v. State, 13

**336**

Ala.App. 411, 69 So. 406; Miller v. State, 110 Ala. 69, 20 So. 392; Attorney General v. Pelletier, 240 Mass. 264, 134 N.E. 407." Ex parte Messer, 228 Ala. 16, 18, 152 So. 244, 245.

■ Because the proceeding, in which petitioner is called to testify, is not a criminal case, we hold that the fact that he is the defendant is not a good ground entitling him to refuse to take the witness stand.

We do not say that he may be compelled to answer a question when his answer to the question would incriminate him. No question has been asked, and here again we will not speculate. In this connection, see: Cohen v. Hurley, 366 U.S. 117, 81 S.Ct. 954, 6 L.Ed.2d 156; In re Cohen, 9 A.D.2d 436, 195 N.Y.S.2d 990; Matter of Cohen, 7 N.Y.2d 488, 199 N.Y.S.2d 658. 166 N.E. 2d 672.

Error not being shown, the judgment is due to be affirmed.

Affirmed.

LAWSON, GOODWYN, and HAR-