219 So.2d 357

**In the Matter of John Ike GRIFFITH.**

**3 Div. 303.**

Supreme Court of Alabama.

Feb. 6, 1969.

Rehearing Denied March 6, 1969.

528

Wm. H. Morrow, Jr., Montgomery, Gen. Counsel for Alabama State Bar.

Geo. E. Trawick, Birmingham, for appellant.

PER CURIAM.

The proceeding before us is a petition for review taken pursuant to Title 46, § 25, Code of Alabama 1940, as last amended, by John Ike Griffith from a resolution adopted by the Board of Commissioners of the Alabama State Bar disbarring petitioner.

The Grievance Committee of the Alabama State Bar Association filed four original charges against petitioner on July 10, 1964. Charges one through three relate to a violation of, or failure to comply with, Rule 25, Section A, of the Rules Governing the Conduct of all Persons Admitted to the Practice of Law in the State of Alabama.

The substance of charges one and two is that petitioner submitted to the Inferior Court of Geneva County, Alabama, fifteen divorce cases, in which cases he served as referring or forwarding attorney for the complainant and wherein the bill of complaint represented to the court, that either the complainant or respondent was a bona fide resident of the State of Alabama; the truth being that petitioner knew or had reasonable cause to believe that neither complainant nor respondent was a bona fide resident of the State of Alabama.

Charge three of the original complaint avers a violation of Rule 25, Section A, in that petitioner while serving as referring or forwarding attorney for the complainant, obtained approximately forty-one divorces in the Law and Equity Court of Winston County (Haleyville Division), and petitioner knew or had reasonable cause to believe that in one or more of said cases, neither complainant nor the respondent was a bona fide resident of the State of Alabama as was represented to the Law and Equity Court of Winston County, Alabama, Haleyville Division.

Charge four avers that petitioner is guilty of conduct unbecoming an attorney at law, in violation of Rule 36, Section A. The substance of this charge is that in violating Rule 25, Section A, as alleged in charges one, two and three, petitioner is guilty of conduct unbecoming an attorney at law.

Subsequently, the Grievance Committee filed additional charges numbered seven, eight, nine, ten, eleven and twelve against petitioner.

Charge seven avers a violation of Rule 25, Section A, in that petitioner aided in the prosecution of a divorce suit in the Law and Equity Court of Winston County (Double Springs Division), Alabama, in which a divorce was granted by that court dissolving the marriage of Noreen Mecelli and James A. Mecelli upon bill of complaint, answer and waiver, wherein it was represented to that court that complainant was a bona fide resident of the State of Alabama, the truth being that neither the complainant nor the respondent was a bona fide resident of the State of Alabama, and petitioner knew or had reasonable cause to believe that neither was a resident of Alabama, as was represented to the court in the divorce proceeding.

The allegations of charge eight are to the effect that petitioner's conduct in representing to the Winston County Court of Law and Equity (Double Springs Division), that Noreen Mecelli and James A. Mecelli were bona fide residents of Alabama, when in fact they were not, was a violation of Rule 36, Section A which proscribes conduct unbecoming an attorney at law.

Charge nine alleges that petitioner submitted approximately forty-one divorce cases to the Winston County Court of Law and Equity (Haleyville Division) in which cases petitioner served as the attorney for the complainant. The bill of complaint represented to the court that either complainant or respondent was a bona fide resident of Alabama, when petitioner knew or had reasonable cause to believe that neither complainant nor respondent was a bona fide resident of Alabama.

Charge ten alleges that petitioner violated Rule 36, Section A, pertaining to conduct unbecoming an attorney at law in that he represented to the Winston County Court of Law and Equity (Haleyville Division) that certain complainants were residents of Alabama, when petitioner knew or had reasonable cause to believe that they were not bona fide residents of the State of Alabama.

We need not consider charge eleven in view of the fact that petitioner was found not guilty on that charge.

Charge twelve also alleges a violation of Rule 36, Section A, in that petitioner made representations to the circuit court of Marion County, Alabama, concerning the residences of certain of his clients, which representations were false.

An additional charge, thirteen, was filed on May 29, 1966 but was dismissed on motion of counsel for the Bar Association based on the authority of Spevack v. Klein, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574.

On March 30, 1967 a new complaint containing three new charges was filed.

Charge one of the new complaint charges that petitioner submitted to the circuit court of St. Clair County, Alabama, a divorce case (Leon J. Dasher v. Janette M. Southall Dasher, Case No. 237–A) in which the bill of complaint and deposition of complainant represented to the court that the complainant was a bona fide resident of the State of Alabama, when the petitioner knew or had reasonable cause to believe that neither complainant nor the respondent was a bona fide resident of the State of Alabama, in violation of Rule 25, Section A.

Charge two of the new complaint also charges that in the case described in charge one petitioner violated Rule 25, Section A.

Charge three of the new complaint charges that by the acts described in charge one petitioner is guilty of conduct unbecoming an attorney, in violation of Rule 36, Section A.

Petitioner filed a plea in abatement to the proceedings, which plea was found to be without merit and was overruled by the Board.

It also found petitioner's motions to quash to be without merit and they were overruled. Request for a jury trial was denied, and at a special meeting of the Board of Commissioners of the Alabama State Bar on July 19, 1967 the Board considered the evidence presented by the Grievance Committee and that presented by petitioner John Ike Griffith.

The Board found petitioner guilty of charges 1, 2, 3, 4, 7, 8, 9, 10 and 12 of the original complaint and charges 1, 2, and 3 of the new complaint. Having so found, the Board adopted a resolution disbarring Mr. Griffith.

The gist of the various charges in this proceeding is that petitioner violated certain of the rules governing the conduct of attorneys in Alabama, in that he has made various false representations to courts in this State pertaining to the residency of certain of his clients in so-called "quickie divorce" cases. These rules provide as follows:

Rule 25, Section A, as amended:

"25. No person heretofore or hereafter admitted to practice law in Alabama shall:

"(a) Knowingly or wilfully make any false representations of fact to any judge, court, or jury to induce a favorable action or ruling by either;

"(b) File or prosecute or aid in the filing or prosecution of any suit, cross bill, or proceeding seeking a divorce in a Court in Alabama as attorney or solicitor for a complainant or cross complainant therein or serve as referring or forwarding attorney for such complainant or cross complainant with knowledge or reasonable cause to believe that neither party to such suit, cross bill, or proceeding is at the time of the filing of the bill of complaint or cross bill of complaint therein, a bona fide resident of the State of Alabama;

"(c) While acting as attorney for either party in any suit for divorce in any Court in Alabama represent to any Court or conspire with any party, attorney, or person to represent to the Court that either party to such suit is a bona fide resident of Alabama, knowing such representation to be false." Rule 36, Section A, as amended:

"36. No person licensed to practice law in the courts of the State of Alabama shall be guilty of any conduct unbecoming an attorney at law."

*Assignment of Error I*

The first ground upon which petitioner urges a reversal of his disbarment is that the Board of Commissioners is an illegally constituted body, in that it is elected in violation of the "one man—one vote" principle, and its resolution disbarring petitioner is therefore void. Petitioner insists that this proposition was properly raised in the proceedings below by his plea in abatement and motion to quash, and that failure to respond to those pleadings has resulted in a denial of due process.

We recently stated in In re McKay, 280 Ala. 174, 191 So.2d 1:

"The question for determination in disbarment or disciplinary cases is the fundamental one of whether an attorney who is charged with professional dereliction should be permitted to continue in his office. Basically, the proceeding is an inquiry into the conduct of an attorney to determine whether action should be taken by a court to protect the public or the dignity of the court. * * *

"An attorney must be accorded due process in disbarment and disciplinary proceedings, and the requirements of due process are met when the attorney is served with charges or specifications reasonably informing him of the charges against him and the attorney is thereafter accorded a hearing with an opportunity to defend. * * *

"The above requirements of due process being met, formal and technical pleadings are not essential, nor do they have any place in a disbarment proceeding. In re Fite, 228 Ala. 4, 152 So. 246; McCord v. State [ex rel. Allen], 220 Ala. 466, 126 So. 873; Ex parte Thompson, 228 Ala. 113, 152 So. 229, 107 A.L.R. 671; Ex parte Grace, 244 Ala. 267, 13 So. 2d 178."

In order to satisfy the requirements of due process, our initial inquiry is to determine if the requisite notice of the charges against him was given to petitioner and if he was accorded a hearing during which he could defend against those charges.

We have examined the record and are satisfied that petitioner was properly notified of the charges and proceedings against him. The proceedings below commenced February 9, 1965 and have continued to the present, interspersed with numerous hearings and continuances. It would serve no useful purpose to relate the exact time or substance of each. We are further satisfied that there was no error in not responding to petitioner's pleading before the Commissioner, and in overruling the plea in abatement and motion to quash by the Bar Commissioners.

This is so in view of our holding in In re McKay, supra, that there is no need for "formal and technical" pleadings in disbarment proceedings.

The contention of petitioner urging that the Board of Commissioners of the Alabama State Bar is illegally and unconstitutionally constituted (malapportioned) in violation of the Equal Protection Clause of the Fourteenth Amendment, United States Constitution ("one man—one vote") has been decided adversely to petitioner in In re Sullivan, (283 Ala. 514, 219 So.2d 346 decided January 30, 1969).

For the above stated reasons, petitioner's first ground urging reversal is without merit.

Petitioner's next contention is that the Board is established in violation of the doctrine of separation of powers in that he should have been afforded a judicial tribunal separate and apart from the prosecuting authority.

Our decision in Ex parte Thompson, 228 Ala. 113, 152 So. 229, 107 A.L.R. 671, is controlling on this point. There we found express constitutional authority for conferring judicial functions upon the Board in Section 139 of the Alabama Constitution of 1901. It was stated in *Thompson*, supra, that:

"We fail to see, in the creation of the board of commissioners of the state bar with the powers conferred, any transgression of constitutional bounds by the Legislature * * *. * * * *"

Consequently, we find no merit in petitioner's contention with respect to separation of powers. See, also, *Sullivan*, supra.

*Assignment of Error II*

Petitioner strongly insists that he was entitled to a trial by jury. The question of whether an attorney is entitled to trial by jury in disbarment proceedings has been voluminously researched and argued in jurisdictions throughout the country. This court examined and discussed the question in detail in *Thompson*, supra, where it was held:

"* * * [T]hat the courts have the inherent power to suspend or to remove attorneys without trial by jury. * * *"

That proposition has been consistently followed in this jurisdiction and in other jurisdictions. Although petitioner urges us to reverse *Thompson, supra*, we reaffirm our adherence to the principle that courts have inherent power to suspend or remove attorneys without trial by jury in order to protect the dignity of the court, and maintain the respect of the public for our legal system. We, therefore, find no error in the refusal to grant petitioner a trial by jury.

### Assignment of Error III

The next ground upon which petitioner alleges error has been before this court previously in Ex parte Griffith, 278 Ala. 344, 178 So.2d 169, cert. den. Griffith v. Board of Com'rs of Alabama Bar, 382 U.S. 988, 86 S.Ct. 548, 15 L.Ed.2d 475, it being his contention that proceedings before the Commissioners and Grievance Committee are void in that the members had not taken the oath of office required by Article 16, Section 279, Constitution of Alabama, 1901. This question was also raised in Ex parte Huie, 278 Ala. 330, 178 So.2d 156. In both *Griffith* and *Huie, supra*, we found the oath required by Section 279, supra, applies only to state officers. We stated in *Huie, supra*, as follows:

"* * * We do not think that either the examining commissioner or the Board of Commisioners are state officers in the constitutional sense, and, therefore, are of opinion that Section 279 has no application. These commissioners are officers of the State Bar, which is an association of attorneys. The members of the association are not state officers.

" 'The attorney does not hold an office or public trust in the constitutional or statutory sense of that term, but is an officer of the court exercising a privilege or franchise. In a sense he is an officer of the state with an obligation to the public no less significant than his obligation to his clients. It is an office held during good behavior, and is one of which he can be divested only upon good cause shown and after proper judicial proceedings. * * *' * * *"

We hold there is no error here.

### Assignment of Error IV

Petitioner next urges a reversal in that "illegal and improper evidence was admitted and must be presumed considered." Rule 18, Section B, of the "Amended Rules Governing the Conduct of Attorneys in Alabama," provides:

"In the taking of testimony by the Grievance Committee of the Board or by a Commissioner, as herein provided, or by the Board, it shall not be required or necessary that objection be made to any evidence which may be offered by either party, but the Board shall consider only such evidence as is, in its opinion, relevant, material, or competent and it shall not consider any testimony which, in its opinion, is irrelevant, immaterial or incompetent."

The rule is established that where there is no specific ruling on competency of evidence, as in the case before us, this court will presume that the Board considered only competent evidence, and that irrelevant, incompetent or immaterial evidence was disregarded. On this review we so limit ourselves.

We, therefore, find this proposition urging reversal to be without merit.

### Assignment of Error V

The final ground upon which petitioner seeks a reversal is that there is insufficient

evidence to support a resolution of disbarment.

We have carefully read the record in this case and are of the opinion that there is sufficient legal evidence, and reasonable inferences therefrom, to sustain the charges upon which petitioner was found guilty; and, to support his disbarment. We do not feel compelled to set out all the evidence in this case, as it would serve no useful purpose.

 Nevertheless, a brief recapitulation of a portion of the evidence in one divorce case, embraced in charge three, may be in order as illustrative of the evidence before the Board. Harold Schocket testified by deposition [1], that he was a resident of New Jersey; that he had obtained a divorce from his wife, Mrs. Eleanor Schocket, in the State of Alabama, sometime in 1962. His wife sued him in 1965 in a New Jersey court to set aside the Alabama divorce; and the Alabama divorce decree was held null and void by the Superior Court of New Jersey, Chancery Division, Essex County. With reference to obtaining the Alabama divorce, petitioner Griffith made the hotel reservation for him at the Hotel Tutwiler in Birmingham, Alabama; he signed an affidavit which stated he intended to be a resident of the State of Alabama on the advice of petitioner, who had informed him that he need only be in the State for twenty-four hours; he never went to court. He asked petitioner if he could make a one o'clock plane the next afternoon, but petitioner said, "Take the afternoon plane out. It's better that way." He informed petitioner he was returning to New Jersey "right after everything was taken care of"; he made his return trip by plane at 5:00 p. m. (less than twenty-four hours after he arrived in Alabama). The record is replete with evidence of a similar nature which we conclude is sufficient to support the resolution of disbarment.

Having carefully studied and considered the well prepared briefs of counsel, and the evidence, we are of the opinion that the resolution of disbarment must be affirmed.

Affirmed.

All the Justices concur.

---

1. See, In re Sullivan, supra, for a discussion of the method of taking depositions in disbarment proceedings.