225 So.2d 872

John Ike GRIFFITH

v.

STATE of Alabama on Relation of Roy W. SCHOLL, Jr., Chairman of the Unauthorized Practice of Law Committee of the Birmingham Bar Association and Roy W. Scholl, Jr., Individually.

6 Div. 712.

Supreme Court of Alabama.

Aug. 7, 1969.

George E. Trawick, William E. Robertson, Birmingham, for appellant.

William H. Morrow, Jr., Montgomery, for appellee.

PER CURIAM.

This is an appeal by appellant, John Ike Griffith, from a judgment of ouster in a quo warranto proceeding in the circuit court of Jefferson County, whereby he was excluded from the profession of law and prohibited from practicing law.

On July 19, 1967, the Board of Commissioners of the Alabama State Bar found appellant guilty of violating certain of the rules covering the conduct of attorneys in Alabama, and disbarred him from the practice of law. On the same day appellant filed in this court a petition for review of the Board's resolution of disbarment and an application for stay of the disbarment

pending our determination on the petition for review. On July 26, 1967, we entered an order denying the application for stay, providing a stay would issue upon appellant's filing an affidavit that he would not appear as solicitor for complainant or respondent in a divorce proceeding. He did not file such affidavit.[1]

On October 26, 1968, appellee filed a petition for writ of quo warranto to prohibit appellant from the unauthorized practice of law alleging he had been heretofore disbarred. Appellant filed a plea to the jurisdiction contending the filing of his petition for review operated as a supersedeas of the Board's disbarment. Appellee filed demurrers to the plea to the jurisdiction which were sustained. Pleading was in short by consent. After a trial by jury and verdict for the appellee, a judgment of ouster was entered by the court. Appellant then gave notice of appeal and requested the trial judge to set a supersedeas bond, which the trial court refused. Appeal was then perfected by giving bond for costs.

The petition for writ of quo warranto charged appellant with certain acts constituting the practice of law, viz: the display of a sign in his office building designating him as an attorney at law, listing in the current telephone directory as an attorney at law, both in the yellow and white pages, his obtaining professional occupational licenses as an attorney at law, and the handling of four specific divorce suits in the circuit court of Jefferson County wherein he appeared as attorney of record. Evidence was offered in support of these allegations. Appellant offered no testimony.

This appeal presents essentially the single issue of whether appellant's disbarment by the Board of Commissioners of the Alabama State Bar was superseded by his filing a petition for review in this court.

Appellant contends there is no statute making any provision for superseding his

---

1. On February 6, 1969, we affirmed the resolution of disbarment. In re Griffith, 283 Ala. 527, 219 So.2d 357, rehearing denied March 6, 1969.

resolution of disbarment, that Rule 28, Section B, Rules Governing the Conduct of Attorneys in Alabama, is the sole authority, other than constitutional provisions, for review in this court of a resolution of disbarment, and that this rule grants a disbarred attorney a review as a matter of right. Since this rule was promulgated pursuant to legislative authority and approved by this court, appellant Griffith contends it therefore has statutory effect. Since neither that rule nor any statute makes any specific provision for superseding the judgment of disbarment, and Alabama being a common law state, appellant Griffith argues that the common law must be followed. He cites decisions of this court to the effect that where statutes make no provision for superseding a judgment, the appeal itself operates as a supersedeas.

We have read the cases cited, but do not consider them to be apt authority nor do we agree with appellant's conclusions that the appeal itself operates as a supersedeas. Rather, we agree with the appellee's contention that a disciplinary proceeding against an attorney is not the same as a lawsuit between private litigants but is a proceeding sui generis and is controlled by the special statutes and rules applicable thereto and not by the common law. In Ex parte Thompson, (1933) 228 Ala. 113, 124, 152 So. 229, 107 A.L.R. 671, wherein we upheld the constitutionality of the statutes creating the integrated bar in Alabama, we stated the essential nature of the disciplinary proceeding against an attorney to be:

"The proceeding * * * is neither civil nor criminal. It is of a sui generis nature, on account of the relation of the attorney to the court. * * *"

We have just recently reaffirmed our reliance on Ex parte Thompson, supra, as sound authority in In re Sullivan, 283 Ala. 514, 219 So.2d 346; and In re Griffith, supra. In an earlier case of Ex parte Griffith, (1965) 278 Ala. 344, 178 So.2d 169, cert. den. Griffith v. Board of Com'rs of Alabama Bar, 382 U.S. 988, 86 S.Ct. 548, 15 L.Ed.2d 475, which case was concerned with this identical appellant's refusal to take the witness stand in the proceeding which culminated in his disbarment, we said:

"Hearings before the Board of Commissioners of the Alabama State Bar, or a commissioner duly appointed to conduct such hearing, is, strictly speaking, neither a civil nor a criminal one. Its sole purpose is to purge the bar of a member, whose conduct has, since his admission, rendered him unfit to remain a member of the bar. * * *"

Since in Alabama disciplinary proceedings against attorneys are governed by special statutes and rules promulgated by the Board of Commissioners of the Alabama State Bar, and approved by this court pursuant to such statutes, we are of the opinion that cases cited by appellant involving statutes providing for supersedeas in cases other than disbarment proceedings, or cases involving the effect of an appeal as a supersedeas at common law, are not relevant. Specifically, Title 46, § 25, Code of Alabama 1940, as last amended, provides:

"* * * The supreme court may, and on petition of the party aggrieved must, in any case of suspension or disbarment from practice, review the action of the board, and may, on its own motion, and without the certification of any record, inquire into the merits of the case *and take any action agreeable to their judgment.* * * *" [Emphasis supplied]

In this case we have already taken *action agreeable to our judgment* by expressly denying the appellant Griffith's application for stay of the Board's resolution of disbarment in an order dated July 26, 1967.

In other jurisdictions, the majority of courts which have considered the question have held that an appeal from a judgment of disbarment does not operate to supersede such judgment. See, In re Graves, (1923)

472

62 Cal.App. 168, 216 P. 386; State ex rel. Martin v. Poindexter, (1906) 43 Wash. 147, 86 P. 176; Walls v. Palmer, (1878) 64 Ind. 493; and Tyler v. Superior Court, (1887) 72 Cal. 290, 13 P. 856.

In In re Graves, supra, the California court stated the rule and the reason therefor to be:

"This is not a case for the issuance of supersedeas. The judgment of suspension acts directly against petitioner, without the necessity for process or proceedings of any kind for its enforcement. * * * There is no further action to be taken thereon by the court below, and consequently nothing upon which the supersedeas can act."

This reasoning impresses us as sound.

 We are therefore of the opinion that the petition for review filed by appellant Griffith, did not of itself operate as a supersedeas of the resolution of disbarment, but that application for a stay (as was requested in this case) was required, which application we have heretofore denied.

Appellant also argues as reversible error the giving of the general affirmative charge with hypothesis for the appellee. He insists this denied him due process of law, equal protection of the laws and the right to trial by jury. The charge was given after both sides rested, the appellant offering no evidence. Appellant cites no authority for his contention except portions of the United States and our Alabama (1901) Constitutions, namely Amendments VII, VIII, and XIV, of the United States Constitution and Article I, §§ 6, 11 and 13 of our Constitution of 1901.

We have long held that when the evidence is without conflict and establishes the plaintiff's right to recover, the court may give the general affirmative charge with hypothesis for the plaintiff. Smith v. Marx, 93 Ala. 311, 9 So. 194; Davidson v. State ex rel. Woodruff, 63 Ala. 432. We think, under the evidence in this case, the charge was properly given by the trial court. We do not see any conflict here with the portions of the United States and Alabama Constitutions cited by appellant.

Although not raised on this appeal, we add that the quo warranto proceeding appears to be appropriate in cases of this nature. Birmingham Bar Ass'n v. Phillips & Marsh, 239 Ala. 650, 196 So. 725.

We consider the judgment is due to be affirmed.

Affirmed.

All the Justices concur.