**Rose M. SANDERS, Plaintiff,**

v.

**ALABAMA STATE BAR,**
**et al., Defendants.**

Civ. A. No. 94–D–152–N.

United States District Court,
M.D. Alabama,
Northern Division.

Feb. 6, 1995.

J.L. Chestnut, Jr., Rose Mary Sanders, Marvin W. Wiggins, Yusuf A. Salaam, Chestnut, Sanders, Sanders & Pettaway, P.C., Selma, AL, Roxanne J. Gregory, Stone Mountain, GA, for Rose M. Sanders.

James Anthony McLain, Montgomery, AL, for Alabama State Bar, L. Gilbert Kendrick.

George Lamar Beck, Jr., Beck & Travis, P.C., Montgomery, AL, for John Yung.

### ORDER

CARROLL, United States Magistrate Judge.

## I. FACTS

According to the evidence before the court, many complaints have been lodged with the Alabama State Bar against Rose M. Sanders, the plaintiff in this case. The Alabama State Bar, through its counsel, has investigated each complaint and made a ruling as to what action, if any, should be taken. Six of these complaints were made between 1989 and 1993. The subject of one of these complaints is Ms. Sanders' engagement in protests against the treatment of African–American children and poor Caucasian children by the Selma public school system, against the holding of secret meetings by the Selma City Board of Education, and against the refusal of the School Board to extend the contract of Norward Roussell, the first black superintendent. The issue before the court is whether the memoranda and investigative reports filed by Bar counsel for these complaints are discoverable.

## II. PROCEDURAL HISTORY

On February 9, 1994, Rose Sanders filed this action against the Alabama State Bar, Gilbert Kendrick, Assistant General Counsel of the Alabama State Bar, and John Yung, a licensed attorney in Alabama, and the former Assistant General Counsel of the Alabama State Bar (from 1980–1991). She alleged that her First, Fifth, and Fourteenth Amendment rights were violated because the defendants subjected her to a public censure with-out due process of law, and because she was denied equal protection of the law based on her race and political activity. She also alleged that the defendants invaded her privacy rights by taking unfair disciplinary action against her and by releasing confidential proceedings to the press; that they intentionally inflicted emotional distress upon her; and that they were negligent.

On April 1, 1994, Sanders amended her complaint to add two further claims under 42 U.S.C. § 1983; first, that the defendants violated her First Amendment rights by releasing confidential information about her to the media, and second, that the State Bar formally prosecuted unjust and frivolous bar charges against her. She also alleged that the defendants violated 42 U.S.C. § 1981 in that these actions were taken because of the plaintiff's race.

Sanders claimed that the defendants further violated 42 U.S.C. § 1981 by failing to prosecute her bar charges against defendants Kendrick and Yung because of Sanders' race. In addition, Sanders alleged that the defendants breached a contract by releasing confidential information, prosecuting frivolous complaints against her, and retaliating against Sanders because she filed bar charges against the defendants. Sanders further claimed that the State Bar breached a duty it owed to her to supervise its employees to prevent disclosure of confidential information about her and to prevent retaliation against her.

During the course of discovery in this case, Sanders moved to compel defendants Kendrick and the Alabama State Bar to produce, among other things, copies of all notes, tapes and documents relative to their investigation, involvement, and processing of all complaints against her from 1989 to the present.[1] Ms. Sanders contends that she needs these documents to prove that she was treated more fairly by the Bar before she engaged in the above-referenced protests. This, she believes, will help her establish her claim that she was denied equal protection of the law

---

1. The Motion to Compel filed by Ms. Sanders named Kendrick and the Alabama State Bar as defendants. The Alabama State Bar is a defendant because it is in control of the investigative reports and memoranda made by prior Bar counsel, including Yung.

based on her race and political activity. The defendants produced all such information except the investigative reports and memoranda created by counsel for each complaint. The defendants objected to the production of these documents on the ground that they are protected from disclosure under the attorney work product doctrine.

The court held a hearing on this issue on January 25, 1995. At the hearing, the defendants raised objections to disclosure of these documents on the grounds of work product, deliberative process privilege, and confidentiality. The court provided the plaintiff an opportunity to respond to the defendants' new objections, and the defendants offered to file a brief in support of the objections. The defendants filed a brief on January 26, 1995. The plaintiff responded on January 30, 1995, to all of the defendants' objections. After full consideration of the pleadings filed by both parties, this court finds that the Motion to Compel is due to be granted.

### III. DISCUSSION

The issue before the court is whether the memoranda and investigative reports filed by Bar counsel in the complaints against Rose Sanders are discoverable. Information is only discoverable if it falls within the scope of discovery outlined in Federal Rule of Civil Procedure 26(b)(1). According to this rule, "[P]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action ... if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). As a result of this rule, the threshold issue in a discovery dispute is relevancy. *See* 8 Charles A. Wright & Arthur R. Miller and Richard L. Marcus, *Federal Practice and Procedure: Civil 2d* § 2008 (1994) ("Perhaps the single most important word in Rule 26(b)(1) is 'relevant' for it is only relevant matter that may be the subject of discovery").

Ms. Sanders contends that the investigative reports and memoranda generated by Bar counsel are relevant because they will reveal that she was treated differently by the Bar after she engaged in political protests. The court has reviewed these documents *in camera* and concludes that the investigative reports and memoranda of defendants Kendrick and Yung are relevant.[2] Both defendants have issued investigative reports and memoranda regarding possible claims against Ms. Sanders both before and after her protests took place. Thus, the reports are relevant in assessing whether the defendants treated Ms. Sanders differently after she engaged in the protests.

Although these investigative reports and memoranda are relevant, they still may not be discoverable. According to Rule 26(b)(1), relevant information is not discoverable if it is privileged. The defendants have raised several privileges which, they allege, protect the investigative reports and memoranda from discovery; these are the work product doctrine, the deliberative process privilege, and confidentiality. The court will address each of these objections.

### A. THE WORK PRODUCT DOCTRINE

The work product doctrine was established by the Supreme Court in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) ("[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel."). The doctrine is now codified in Fed.R.Civ.Pro. 26(b)(3). This rule states, in part, that

> a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other or

---

2. The Alabama State Bar did not object to disclo-

sure of these items on relevance grounds.

other representative of a party concerning the litigation.

*Id.* According to this rule, a party may invoke the protection of the work product privilege if the materials sought to be protected were prepared in anticipation of litigation.

Defense counsel explained at the January 25, 1995, hearing and in his brief how these documents are generated. He stated that when a complaint is received, a copy of the complaint is forwarded to an attorney within the Office of General Counsel. When appropriate, a thorough investigation is conducted. For example, witnesses may be contacted or documents obtained. Once the matter has been factually exhausted, the attorney prepares an investigatory report and recommendation (the documents at issue in this case) for the Disciplinary Commission; this commission makes the final decision. This procedure is followed pursuant to Rule 12 of the Alabama Rules of Disciplinary Procedure.

It appears to the court that these procedures are not followed because of pending or potential future litigation; instead, they are followed as an ordinary course of business whenever a complaint is filed. Indeed, "in the majority of investigations conducted by the Office of General Counsel of the Alabama State Bar, the process generally follows the same format." (Def. Brief at p. 2)

■ Documents prepared in the regular course of business rather than for purposes of litigation, even if litigation is already a prospect, are not protected as privileged work product. 8 Charles A. Wright, Arthur R. Miller and Richard L. Marcus, *Federal Practice and Procedure: Civil 2d* § 2024 (1994). In amplifying the phrase "in anticipation of litigation," the 1970 Advisory Committee to Rule 26(b)(3) noted that "materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other non-litigation purposes are not under the qualified immunity provided by this subdivision." Fed.R.Civ. Pro. 26(b)(3) advisory committee note. Based on the defendant's rendition of how these documents are generated, the court finds that these documents were made in the ordinary course of business, and not in anticipation of litigation.

The defendants rely on *Upjohn Co. v. United States,* 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981), to argue that even documents prepared in the ordinary course of business may be protected by the work product privilege. The defendants' reliance on this case is misplaced. In *Upjohn,* the documents at issue were clearly prepared in anticipation of litigation. In that case, independent accountants conducting an audit of one of Upjohn's foreign subsidiaries discovered that the subsidiary made payments to foreign government officials to secure government business. When Upjohn learned of this activity, it had its counsel launch an investigation into the matter. The investigation occurred because the subsidiary had engaged in illegal activity. The investigation occurred because of Upjohn's potential liability to the Securities and Exchange Commission and the Internal Revenue Service. Clearly, the investigation occurred because of potential future litigation; the documents generated by this investigation were thus created "in anticipation of litigation."

■ In this case, however, the defendants were not anticipating litigation when they performed their routine tasks of preparing investigatory reports and memoranda in response to complaints filed against attorney Sanders. For these reasons, the court finds that these documents are not privileged under the work product doctrine.

## B. THE DELIBERATIVE PROCESS PRIVILEGE

■ The defendants also object to disclosure of the documents at issue based on the "deliberative process privilege." The deliberative process privilege protects the internal decisionmaking processes of the executive branch in order to safeguard the quality of agency decisions. *Nadler v. United States Dept. of Justice,* 955 F.2d 1479 (11th Cir.1992). Although the defendants make an analogy between the processes they used and those used by the attorneys in *Nadler,* they do not address the issue of whether the Alabama State Bar is part of the executive branch of government. This is a key issue,

for the deliberative process privilege only applies to the decisionmaking processes of the executive branch. The court has not found, and neither side has produced, any caselaw discussing whether the Alabama State Bar is an arm of the executive branch of government. The burden of proof is on the side asserting the privilege to show that the privilege applies. *See Florida House of Representatives v. United States Dept. of Commerce,* 961 F.2d 941 (11th Cir.1992). The Alabama State Bar did not meet that burden. As such, the investigatory reports and memoranda generated by defendants Yung and Kendrick are not privileged under the deliberative process privilege.[3]

Further, even if the Alabama State Bar were an arm of the executive branch such that the privilege applied, the court still finds that the documents should not be withheld. If the privilege applied, the burden would be on Sanders to show that her need for the materials outweighed the Bar's privacy needs. Although the bar has a strong interest in non-disclosure of the documents, there is an equally compelling need for accurate judicial fact finding. *See Wayte v. United States,* 470 U.S. 598, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985); *Bryson v. Myles,* No. 589–042, 1989 U.S.Dist. LEXIS 10894 (S.D.Ga. Aug. 9, 1989). After an *in camera* review of these documents, the court finds that Sanders' interest in reviewing the investigatory reports and memoranda of Yung and Kendrick outweighs the state bar's interest in non-disclosure. For these reasons, the deliberative process privilege does not render these documents non-discoverable.

### C. CONFIDENTIALITY

■ The defendants also object to the disclosure of these documents because they are "confidential" according to Rule 30 of the Alabama Rules of Disciplinary Procedure. This rule states, in part, that "a proceeding

under these Rules shall be kept confidential until and unless a decision for the imposition of public discipline or disability is made by the Disciplinary Commission or the Disciplinary Board." *Id.*

It is clear to the court that the statute does not apply in this case. The Rule states that the proceeding shall be kept confidential *unless and until* a decision is made. As the defendants correctly point out through the cases they rely on, this rule is aimed at providing a cloak of confidentiality to the process leading up to possible disciplinary action *while the process is taking place. See, e.g., Lewis v. Gerald,* 236 Ala. 91, 181 So. 306 (1938). In this case, however, the process is over; a decision has already been made. Therefore, Rule 30(a) has no bearing on the case at bar.

### IV. CONCLUSION

For the reasons stated above, the court finds that the investigative reports and memoranda at issue in this case are discoverable. In so holding, however, the court recognizes the importance of defendants' objections to disclosing these documents. The court further understands the defendants' concern that the possibility of disclosure could chill an attorney's willingness to provide frank opinions and recommendations. As such, the court is limiting its holding to the narrow and specific facts of this case only. In addition, the court will issue a protective order limiting disclosure of this information to counsel for the purposes of this case only.

For the foregoing reasons it is hereby ORDERED that the Plaintiff's Motion to Compel is GRANTED. The Alabama State Bar shall provide the withheld documents to counsel for the plaintiff on or before February 10, 1995. The documents shall be fur-

---

3. The court is well aware that the disciplinary proceedings of the Alabama State Bar are governed by the Alabama Rules of Disciplinary Procedure, which were adopted by the Alabama Supreme Court in 1991. (The defendants state this on page 1 of their Brief in Response to Plaintiff's Motion to Compel). This seems to align the Bar with the judicial branch of government.

In addition, the Alabama Constitution states that "[T]he executive department shall consist of a governor, lieutenant governor, attorney-general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries and a sheriff for each county." Ala. Const., art. V, § 112 (1901). This provision makes no mention of the State Bar Association.

nished under the terms of a separate protective order issued by the court.