MONROE, Judge.
On November 29, 1996, W.G. fatally shot his wife, the mother of one-year-old K.G.; W.G. was arrested, and has subsequently *978 been indicted for murder. KG.’s maternal grandparents took custody of K.G. after the shooting, pursuant to an oral “pick-up order” issued by the Department of Human Resources (DHR), On December 2, 1996, W.G. filed a petition seeking custody of K.G. That same day, DHR also filed a petition requesting custody of K.G.; KG.’s paternal grandparents filed a motion to intervene in the action’ on behalf of their son, W.G. They requested that custody of K.G. be awarded to their son, or' alternatively, that they be awarded custody. The motion to intervene was granted by the trial court.
Section 12-15-60, Ala.Code 1975, requires the trial court to hold a hearing within 72 hours of the filing of the petitions. In compliance with this section, on December 5, 1996, the trial court held a “72-hour hearing,” at which it determined K.G. to be dependent, temporarily granted custody of K.G. to DHR, and ordered that K.G. remain with her maternal grandparents. In addition, the trial court appointed a guardian ad litem for K.G. Also on December 5, W.G. and his parents filed a motion requesting that the trial judge recusé himself from the case. The trial court denied the recusal motion.
On April 22, 1997, the court held a hearing, at which W.G., the paternal grandparents, and the maternal grandparents were present. All parties were represented by counsel, and K.G. was represented by her guardian ad litem. W.G., the paternal grandparents, and the maternal grandparents all sought custody of K.G., although the paternal grandparents wanted custody only if W.G. was denied custody. The trial court entered an order granting K.G.’s maternal grandparents temporary legal and physical custody, and granted the paternal grandparents certain visitation rights. W.G. and the paternal grandparents appeal.
W.G. and his parents argue that the trial judge should have recused himself from the ease, because they contend that the judge had made a predetermination regarding the outcome of the 72-hour hearing before any evidence had been presented. This court has held that a petition for a writ of mandamus is the proper method to review whether a recu-sal is required. Ellison v. Ellison, 628 So.2d 855 (Ala.Civ.App.1993). However, the Alabama Supreme Court has held that the denial of a motion to recuse can be properly raised on appeal, if the denial of that motion was properly preserved for appeal. Ex parte Crawford, 686 So.2d 196 (Ala.1996).
After considering the arguments of W.G. and his parents, we cannot say that the trial judge had an obligation to recuse himself from this case just because he had substantially determined that the child was a dependent, before he conducted the 72-hour hearing. Section 12-15-1, Ala.Code 1975, provides several alternative definitions of a “dependent child,” including a child “[wjhose custody is the subject of controversy” or a child who “is in need of the care and protection of the state.” § 12-15-1(10) c. and m. The record shows that the mother had been killed and that in regard to the killing the father had been arrested and charged with murder. The record also shows that, in order to have the judge approve the initial pick-up order, the Department of Human Resources apprised the trial judge of the facts surrounding W.G.’s shooting his wife. Knowing this information, it would be nearly impossible for any person not to conclude that the child was a dependent. Such a conclusion does not indicate the level of bias or prejudice warranting the trial judge’s re-cusal.
W.G. and his parents also argue that the trial court should have allowed his doctor to testify. It is well settled that rulings regarding the admissibility of evidence rest largely within the discretion of the trial court and that they will not be reversed on appeal absent an abuse of discretion. F.W.P. v. State Dep’t of Human Resources, 606 So.2d 153 (Ala.Civ.App.1992). In addition, the trial court has wide latitude in deciding which evidence it will consider in juvenile cases, where the custodian of the child is to be determined. In re Shivers, 440 So.2d 1081 (Ala.Civ.App.1983). W.G.’s attorney stated at the April 22 hearing that he intended to call Dr. Schmitz to testify regarding whether W.G. posed a danger to himself or to others. Dr. Schmitz is apparently a psychiatrist or psychologist who had conducted several sessions with W.G. to evaluate his mental condition. Attorneys for DHR and the maternal grandparents objected to Dr. *979 Schmitz’s testimony on several grounds, including that W.G. had invoked his 5th Amendment right not to testify. DHR and the maternal grandparents contended that Dr. Schmitz’s testimony would necessarily be based on statements made by W.G., and that they would not be provided an opportunity to cross-examine on the statements.
First, we note that W.G. did not, in fact, have the right to refuse to testify, as this is a civil matter. See Charles W. Gamble, McElroy’s Alabama Evidence § 373.02 (5th ed.1996), citing Ex parte Huie, 278 Ala. 330, 178 So.2d 156 (1965), cert. denied by Griffith v. Board of Com’rs of the Alabama Bar, 382 U.S. 988, 86 S.Ct. 548, 15 L.Ed.2d 475 (1966). He did have the right, however, to refuse to answer any questions that might incriminate him. Id. Dr. Schmitz’s testimony would have been offered as expert testimony regarding whether W.G. posed a danger to himself or to others. W.G.’s attorney stated that he did not know what Dr. Schmitz’s opinion would be on this question. Because whether W.G. posed a danger to himself or others was a relevant consideration in making its custody determination, the trial court erred in not allowing Dr. Schmitz to testify. However, considering all the evidence before the trial court, we hold that the error was harmless error.
Indeed, the evidence before the trial court showed the following: A DHR child abuse and neglect investigator was informed that W.G. was playing Russian roulette and that when his wife tried to get away from him, he turned the gun on her and shot her. W.G. apparently contends that the shooting was accidental. One-year-old K.G. was at home with her parents at the time of the shooting. DHR investigators also received reports that W.G. had previously been physically violent with his wife, including, for example, breaking a pool cue over the head. In addition, DHR discovered that he was often involved in physical altercations, and that he often drank alcoholic beverages although he was not yet 21 years old. It was reported that on at least one occasion, W.G. had driven while intoxicated, with K.G. in the car. W.G. has lived with his parents since the shooting. Evidence showed that W.G.’s parents allow him to consume alcohol and even provide the alcohol, and that they had even given K.G. sips of alcoholic beverages. Conversely, the evidence showed that K.G.’s maternal grandparents have provided a good home for K.G. and that K.G. is thriving in that environment.
It appears that Dr. Schmitz had not observed W.G. interacting with K.G., and that he had not interviewed family members or conducted any evaluations other than the sessions he had with W.G. Considering the ample evidence before the trial court showing that it was in KG.’s best interest to remain with her maternal grandparents, we cannot say that the trial court’s refusal to allow Dr. Schmitz to testify was reversible error. Rule 45, Ala.R.App.P.; T’.W.W. v. Lauderdale County Dep’t of Human Resources, 628 So.2d 761 (Ala.Civ.App.1993).
W.G. and his parents also argue that the trial court abused its discretion in limiting KG.’s visitation rights with W.G.’s parents and' in not awarding W.G. any visitation rights. However, their brief cites no authority in support of this argument; it thus does not comply with Rule 28, Ala.R.App.P. This court has no obligation to review an argument that is not supported by authority. Rule 28(a)(5) requires that the appellants cite authority for their contentions. Price’s BarB-Que v. Carter, 541 So.2d 38 (Ala.Civ.App.1989). In its brief, DHR addresses the appellants’ failure to comply with Rule 28. However, in their reply brief, the appellants still cite no authority in support of their argument; instead, they say that DHR’s reference to Rule 28 shows it is “grasping at straws.” As we have previously held, this court will affirm the judgment of the trial court when an appellant fails to comply with Rule 28(a)(5). Jones v. Seibert, 624 So.2d 639 (Ala.Civ.App.1993).
AFFIRMED.
THOMPSON, J., concurs.
ROBERTSON, P.J., and YATES, J., concur in the result.
CRAWLEY, J., dissents.