**James R. FOLEY and G. Larry Morgan**

**v.**

**The ALABAMA STATE BAR; Board of Commissioners of the Alabama State Bar; Hugh W. Roberts, Jr., Ind. and as President of the Ala. State Bar; William H. Morrow, Jr., Ind. and as General Counsel of the Ala. State Bar; et al.**

Civ. A. No. 79–M–5092 NE.

United States District Court,
N. D. Alabama,
Northeastern Division.

Nov. 21, 1979.

Gary C. Huckaby, Smith, Huckaby & Graves, P. A., Huntsville, Ala., for plaintiffs.

L. Drew Redden, Redden, Mills & Clark, Birmingham, Ala., Harold F. Herring, Lanier, Shaver & Herring, Huntsville, Ala., for defendants.

## MEMORANDUM OPINION

McFADDEN, Chief Judge.

This cause came before the court on June 27, 1979, on plaintiffs' motion for a preliminary injunction, and defendants'· motion to dismiss. The court denied the motion for a preliminary injunction and reserved ruling on the motion to dismiss. Since the court during the course of the preliminary injunction hearing necessarily heard matters outside the pleadings, the court by order of July 31, 1979, has directed that the motion to dismiss be treated as a motion for summary judgment.

The duty of a district court in passing on a motion for summary judgment is to determine whether there is an issue of fact to be tried. *Gross v. Southern Railway Co.*, 414 F.2d 292 (5th Cir. 1969); *Chappell v. Goltsman*, 186 F.2d 215 (5th Cir. 1950). The court must indulge every reasonable inference from those facts in favor of the party opposing the motion. *Hayden v. First National Bank*, 595 F.2d 994 (5th Cir.

1979); *American Telephone & Telegraph v. Delta Communications Corp.*, 590 F.2d 100 (5th Cir. 1979). There is no factual dispute in this case and it is appropriate for summary judgment disposition.

The plaintiffs James R. Foley and G. Larry Morgan are resident citizens of Huntsville, Alabama, and are licensed to practice law in the State of Alabama. In February 1979, the plaintiffs opened a law office under the name of "Legal Clinic of Foley and Morgan" in Huntsville. Since that time, plaintiffs have attempted to render legal services to the public at costs which are generally lower than the prevailing rates for similar services in Huntsville. On February 25, 1979, and at various times thereafter, the plaintiffs have advertised their legal services in Huntsville newspapers. Copies of the various advertisements are appended to this opinion as exhibits "A", "B", "C", and "D". On April 6, 1979, a summons and petition for disciplinary action was served upon the plaintiffs by the Alabama State Bar based on the alleged impropriety of the plaintiffs' advertisements. The complaint charged that the advertisement contained references to matters other than "Routine Legal Services," that the use of the name "Legal Clinic of Foley and Morgan" violated the provision against the use of trade names, that the price advertised for the initial consultation failed to indicate that it covered a 30 minute period only and failed to indicate whether it was in addition to the other prices or was included in them, that the attorneys failed to include the disclaimer required by the disciplinary rules of the Alabama State Bar, and that the offer of free parking to clients violated the rule against giving any person valuable consideration in return for legal business.

The plaintiffs allege two causes of action—one based on section 1 of the Sherman Anti-Trust Act, 15 U.S.C. § 1 (1972), and the other based on 42 U.S.C. §§ 1983, 1985 and 1986 claiming violations of the due process clause of the fourteenth amendment to the Constitution of the United States. The court has jurisdiction under 28 U.S.C. §§ 1331, 1343 and 15 U.S.C. § 4.

The Sherman Act claim is based on allegations that the defendants have conspired and combined to prevent plaintiffs from advertising the prices of their services and thereby competing with members of the defendant organization. The defendants admit that their actions limit the right of attorneys to advertise prices and services and thereby "restrain trade", but the defendants argue that the action of the State Bar Association falls within the "state action" exemption to the Sherman Anti-Trust Act outlined in *Parker v. Brown*, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943). In *Parker*, a state program designed to restrict competition among growers was challenged by a raisin packer on the ground that it constituted an unlawful constraint on trade. The court held that the state "as sovereign, imposed the restraint as an act of government which the Sherman Act did not undertake to prohibit." 317 U.S. 352, 63 S.Ct. 314. The applicability of the *Parker* doctrine to the instant case depends on whether the conduct complained of can properly be characterized as "state action." In one case, the Supreme Court has held that activities of a county bar association are not immune from antitrust action under the *Parker* doctrine. In *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975), the court considered the validity of a minimum-fee schedule published by a county bar association which was subsequently enforced by the State Bar. The court held that the action was not protected "state action" because it could not be said that the State had expressly required the anticompetitive conduct of either the County or the State Bar Association. More recently, however, the Supreme Court has considered the kind of bar association conduct involved in this case and found it to be exempted state action. In *Bates v. State Bar of Arizona*, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977), licensed attorneys were charged with violating the state supreme court's disciplinary rule which prohibited attorneys from advertising in newspapers or other media. The disciplinary rules were promulgated by the

state bar association and subsequently adopted and enforced by the state supreme court. The United States Supreme Court held that since the state policy was so clearly and affirmatively expressed, and that since the State's supervision was so active, the enforcement of the disciplinary rules could properly be characterized as state action and therefore was exempt from the provisions of the Sherman Act.

■ The disciplinary rules of the Alabama State Bar are subject to the approval of the Alabama Supreme Court and derive their authority from the court. Alabama Code 1975, § 34–3–43(a)(3). See *Board of Commissioners of Alabama State Bar v. State*, 295 Ala. 100, 324 So.2d 256 (1975). The disciplinary rules of the Bar are in effect rules of the Supreme Court of Alabama. *In re Griffith*, 283 Ala. 527, 219 So.2d 357, *cert. denied*, 396 U.S. 826, 90 S.Ct. 69, 24 L.Ed.2d 76 (1969). As such, the rules fall squarely within the state action exception to the Sherman Anti-Trust Act, and accordingly, plaintiffs' claim under the Sherman Anti-Trust Act must fail.

The portion of the plaintiffs' complaint based on the due process clause alleges that the petition from the State Bar charging them with violations of the Code of Professional Responsibility exposes the plaintiffs to public ridicule, injury to their professional reputations, possible disbarment or suspension of their licenses, and loss of their livelihood and right to practice their profession. The complaint further alleges that enforcement of the rules violates their rights to free speech. The court finds neither argument meritorious.

■ No disciplinary action of any kind has been taken against the plaintiffs. The State Bar has merely initiated the proceedings to determine whether disciplinary action is appropriate by serving a summons and petition on the plaintiffs. The summons contains the following specific warning:

This summons is issued in connection with a confidential proceedings under the Rules of Disciplinary Enforcement of the Supreme Court of Alabama and it is re-

garded as contempt of the Disciplinary Board enforceable by a court or grounds for discipline of an attorney for a person subpoenaed to breach in any way the confidentiality of the proceedings.

The State Bar has thus made specific provision to protect the professional reputation of any person charged with a disciplinary rule violation, and the evidence presented to the court at the hearing for the temporary restraining order showed that no breach of confidentiality had occurred in the case of any person connected with the disciplinary machinery of the State Bar. The uncontroverted evidence established that it was the plaintiffs who had disclosed the pendency of the proceedings to the news media. The charge that the petition damaged plaintiffs' professional reputations cannot be sustained.

■ Plaintiffs' free speech claim is directed to that provision of the disciplinary rules which provides:

A true copy of [any] advertisement shall be delivered or mailed to the Grievance Committee of the Board of Commissioners of the Alabama State Bar at its then current office headquarters within three (3) days of the date on which any such advertisement is first published; the contemplated duration thereof, and the identity of the publisher of such advertisement either within the advertisement or by separate communication accompanying said advertisement, shall be stated.

Disciplinary Rule 2–102(a)(7)(e). The validity of bar rules prohibiting advertising by lawyers was considered by the Supreme Court in *Bates v. State Bar of Arizona*, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977). The court held that the blanket prohibition by a state of advertising routine legal services was an impermissible constraint on commercial speech in violation of the first amendment of the United States Constitution as it applies to the states through the due process clause of the fourteenth amendment. The court, however, carefully limited its holding by providing that misleading advertising could be prohibited. The court also held that reasonable restraints were permissible:

As with other varieties of speech, it follows as well that there may be reasonable restrictions on the time, place and manner of advertising. See *Virginia Pharmacy Board v. Virginia Consumer Council*, 425 U.S. [748], at 771 [, 96 S.Ct. 1817, 48 L.Ed.2d 346]. Advertising concerning transactions that are themselves illegal obviously may be suppressed. See *Pittsburgh Press Co. v. Human Relations Comm'n*, 413 U.S. 376, 388 [, 93 S.Ct. 2553, 37 L.Ed.2d 669] (1973). And the special problems of advertising on the electronic broadcast media will warrant special consideration. Cf. *Capital Broadcasting Co. v. Mitchell*, 333 F.Supp. 582 (D.C.1971), aff'd *sub nom. Capital Broadcasting Co. v. Acting Attorney General*, 405 U.S. 1000 [, 92 S.Ct. 1289, 31 L.Ed.2d 472] (1972).

*Id.* at 405, 97 S.Ct. at 2709. The disciplinary rule complained of in this case, as the court reads it, merely requires the submission of a copy of the advertisement *after* it has first appeared in a newspaper or periodical. There is no attempt to exercise prior restraint on advertising of legal services, and the requirement of subsequent submission of the advertisement to the State Bar is a reasonable restriction on the manner of advertising designed to enable the State Bar to determine which advertising is false and misleading.

The court is of the opinion that there has been no deprivation of constitutional rights as a result of the promulgation of the disciplinary rules or the subsequent enforcement proceedings. Accordingly, the defendants' motion for summary judgment is due to be granted.

APPENDIX A

**OPENING**

**FEBRUARY 26, 1979**

# THE LEGAL CLINIC

OF

## JAMES R. FOLEY, ATTY. AT LAW

AND

## G. LARRY MORGAN, ATTY. AT LAW

**FOR GENERAL PRACTICE OF LAW**

**2006 FRANKLIN STREET
MED. PLEX, SUITE 110
HUNTSVILLE, AL. 35801
205-534-3511**

**OFFICE HOURS**
M-W-F ............ 8:30-5:00
T-TH ............... 8:30-8:30
SAT ............. 8:30-NOON
**FREE PARKING**

APPENDIX B

SUNDAY, FEBRUARY 25, 1979

The Huntsville Times   PAGE 3

# DO YOU NEED A LAWYER?

**Legal Services At Very Reasonable Fees**

- **DIVORCE or LEGAL SEPARATION...**
  (Uncontested-Both Spouses Sign Papers)
  $150 plus $36 court cost.

- **BANKRUPTY...** Non-business, No Contest
  Proceeding,
  Individual ... $200 plus $50 court cost.
  Wife and Husband ... $250 plus $100 court cost.

- **CONSULTATION ...** Initial with Attorney
  $15

- **MISDEMEANOR TRIAL .....** Municipal, and
  District Court
  Up to $200

- **DEEDS..**
  $15 per page.

- **SIMPLE BUSINESS INCORPORATION...**
  $200 plus court filing cost.

- **INFORMATION CONCERNING FEES -** For
  Other Services Furnished upon Request.

# THE LEGAL CLINIC
## of Foley & Morgan
### 2006 FRANKLIN ST., SUITE 110
### TELEPHONE 534-3511

**HOURS:** Monday-Wednesday-Friday
8:30 AM-5:00 PM
Tuesday-Thursday
8:30 AM-8:30 PM
Saturday
8:30-12 Noon

### FREE PARKING

James R. Foley and G. Larry Morgan
Attorneys At Law

APPENDIX C

# DO YOU NEED A LAWYER?

**Legal Services At Very Reasonable Fees**

- **DIVORCE or LEGAL SEPARATION....**
  (Uncontested-Both Spouses Sign Papers)
  $150 plus $36 court cost

- **BANKRUPTY...** Non-business, No Contest
  Proceeding
  Individual ... $200 plus $50 court cost.
  Wife and Husband ... $250 plus $100 court cost

- **CONSULTATION ....** Initial with Attorney
  $15

- **MISDEMEANOR TRIAL ....** Municipal and
  District Court
  Up to $200

- **DEEDS..**
  $15 per page

- **SIMPLE BUSINESS INCORPORATION...**
  $200 plus court filing cost.

- **INFORMATION CONCERNING FEES** For
  Other Services Furnished upon Request.

# THE LEGAL CLINIC
## of Foley & Morgan
### 2006 FRANKLIN ST., SUITE 110
### TELEPHONE 534-3511

**HOURS:** Monday-Wednesday-Friday
8:30 AM-5:00 PM
Tuesday-Thursday
8:30 AM-8:30 PM
Saturday
8:30-12 Noon

### FREE PARKING

James R. Foley and G. Larry Morgan
Attorneys At Law

1314

# DO YOU NEED A LAWYER?

**Legal Services Are**
**Very Reasonable Fees**

- **DIVORCE or LEGAL SEPARATION...**
  (Uncontested-Both Spouses Sign Papers)
  $150 plus $36 court cost.

- **BANKRUPTY** Non-business. No Contest
  Proceeding..
  Individual ... $200 plus $50 court cost.
  Wife and Husband ... $250 plus $100 court cost

- **CONSULTATION ...** Initial with Attorney
  $15

- **MISDEMEANOR TRIAL.....** Municipal and
  District Court
  Up to $200

- **DEEDS..**
  $15 per page

- **SIMPLE BUSINESS INCORPORATION...**
  $200 plus court filing cost.

- **INFORMATION CONCERNING FEES** For
  Other Services Furnished upon Request.

## THE LEGAL CLINIC
### of Foley & Morgan
**2006 FRANKLIN ST., SUITE 110**

### TELEPHONE 534-3511

**HOURS: Monday-Wednesday-Friday**
**8:30 AM-5:00 PM**
**Tuesday-Thursday**
**8:30 AM-8:30 PM**
**Saturday**
**8:30-12 Noon**

### FREE PARKING

James R. Foley and G. Larry Morgan
Attorneys At Law